Oaruthers, J.,
delivered the opinion of the court.
This action of replevin was brought for a brown mare, worth sixty dollars. The mare was sold by one Holcomb, to the plaintiff, but left with the vendor for the use of his family. Sometime after, Holcomb procured an auctioneer .to sell the mare for him, and she was bought by Tate, who sold her to the defendant. It does not appear that the defendant had any knowledge of the purchase of the plaintiff.
The judge charged the jury, first, that a sale of this kind of property, is good, even without delivery of possession, against a subsequent purchaser, without notice; and, secondly, “ that an action of replevin will not lie, unless there was a trespass committed in the taking of the property, where the action is brought for the seizure; or where brought for the detention, the detention must be wrongful, or tortious, and under such circumstances as will make the holder a trespasser from the beginning. If the jury shall find, 'from the proof, that the defendant came to the possession by purchase from one claiming the title, and having the possession, and the same was delivered to him by virtue of his purchase, then the obtaining possession would not be a trespass on the part of the defendant, so as to sustain the action of replevin; nor, would his subsequent holding or detention, make him a trespasser from the beginning, at the common law, or under the statutes; and in that event, replevin *362 would not be tbe proper action, but the plaintiff must resort to his action of trover, or detinue.”
The jury found for the defendant. From the judgment of the court, overruling a motion for a new trial, the plaintiff appealed to this court.
The argument here, has been made upon the charge of the court on both points. "We think his honor was right on the first proposition; that is, that a sale of personal property, other than slaves, complete in all its parts, where nothing more remains to be.done by either party, passes the right to the property, without the possession being changed, against all the world. Though there are some authorities in conflict with this position, yet, we consider the preponderance greatly in its favor. Chitty on Con., 274-5; 6 Dana, 48; 7 Ib., 59; 24 Maine, 366.
In Potter vs. Coward, Meigs, 22, the same principle is stated, in these words: “A sale of chattels is complete, as soon as both parties have agreed as to the terms.” The same rule applies to a contract of barter or exchange, as to a sale for money. In these cases, the right to the possession, as well as the property, is perfect in the ven-dee, and any loss which may occur after that time, by ■death, or injury of the property, falls upon him. It is true, that the retention of possession in such a case, raises a rebutable presumption of fraud, but is not fraud in itself. It merely throws upon the claimant, out of possession, the necessity of proving the transaction was fair, in which his title originated. Chitty on Con., 410, note 1; Callen vs. Thompson, 3 Yerg., 475. So, upon this point, we think the law was correctly charged. But on the second point, we think his honor erred. It is true, that at common law, and perhaps in some of our states. *363 the action of replevin, is confined to the cases designated by him; and we would, perhaps, concur in the propriety of so limiting it here, as a legislative question. But we are of the opinion, that our act of 1846, ch. 65, Nich. Sup., 243, gives it a broader range. By § 1, of this act, the action of replevin is given: “When the goods or chattels of any person may be seized, or detained by another, * * * in violation of the right of such person, * * * and against his will.” In § 12, it is provided, that where the property cannot be found by the officer having the writ of replevin in his hands, but he returns that he has made known the contents of the writ to the defendant, the plaintiff may elect to declare against the defendant in trover, or detainer, and proceed to final judgment, without any other summons, and the suit shall be in every respect, conducted as if the writ had been in either of those forms of action. Upon a fair construction of the whole of this act, and by it, judging of the intention of the legislature, we are constrained to decide that it will lie, in all cases where the plaintiff has a present right to the possession of any personal property in the possession of the defendant. In all such cases, the property is unlawfully. detamed from the plaintiff, by the defendant, and therefore, falls within the plain language and meaning of the act. Whether it should be so or not, as a matter of sound policy, is a question for the legislature, and not for the courts; but in expounding the act, which is the extent of our power and duty, we can only regard the action of reple-vin as a substitute for the action of detinue, and that it is co-extensive in its application. We can easily see how the act might be very much abused, by changing the possession of property, upon groundless claims, during *364 the pendency of protracted litigation; where, perhaps, the most proper and just course, would be, to leave the possession undisturbed, except in cases of violent and wrongful taking, by officers, or others, until the right ■should be legally settled. But such are not the provisions of the act, as we understand them, and any alteration, or amendment, must come from the law-making power.
We, therefore, for this error in the charge of the law, reverse the judgment of the court below, and remand the cause for a new trial, when the law will be charged as here declared.