COMMERCIAL CREDIT CO., et al. v. J. V. McCONKEY.

Eastern Section. February 23, 1929.

Len G. Broughton and J. H. Hodges, of Knoxville, for plaintiff in error.

Ray H. Jenkins and John F. Scott, of Knoxville, for defendant in error.

OWEN, J. J. V. McConkey was the plaintiff below and will be hereafter referred to as plaintiff. The plaintiff brought suit in the circuit court of Knox county against the Commercial Credit Company, Inc., the Knoxville Paige-Jewett Company and F. A. Weiss, the plaintiff sought to recover the cash he had paid on the purchase price of an automobile he had bought from the Paige-Jewett Company. The consideration for the automobile was $1164.99, he made a cash payment for the automobile and executed a number of notes for the remainder of the purchase price. The Automobile Company retain title to the automobile as security for the deferred purchase price. The plaintiff executed a conditional sale contract. It appears that immediately after the execution of

these notes and the contract, the Automobile Company assigned and transferred the notes of the plaintiff to the Commercial Credit Company, hereinafter called the defendant. The defendant sold the automobile for certain deferred payments. The plaintiff had paid a number of his notes before the sale. The plaintiff's cause of action was based on the defendant's non-compliance with Section 3669 of Shannon's Code. The defendant filed a plea of not guilty, the cause was heard before the trial judge without the intervention of a jury. There was a judgment against the defendant for five hundred seventy-six dollars and fifty cents ($576.50). The defendant seasonably filed a motion for a new trial which was overruled excepted, prayed and perfected an appeal to this court and has assigned six errors. The first error is, there is no evidence to support the judgment. The second, third, fourth and sixth errors all complain of the court not finding in favor of the defendant. The fifth error complains of the court in finding that the defendant took into its possession the automobile in question, for the purpose of foreclosing its lien under the provisions of the Conditional Sales Law prior to June 7, 1927. The trial judge found the following facts:

That on May 31, 1926, the defendant, Knoxville Paige-Jewett Company, sold the automobile described in the pleadings to J. V. McConkey, and that at the time of the sale, the defendant, Knoxville Paige-Jewett Company, took as a part of the purchase price for said automobile, a Ford automobile belonging to J. V. McConkey, for which he was given a credit on the purchase of the automobile sold to him, of one hundred dollars ($100). That at the said time the said J. V. McConkey, executed his note, payable to the Knoxville Paige-Jewett Company, in the sum of three hundred and eighty-five dollars ($385) as further payment on said automobile, and that at the same time, said McConkey executed a conditional sales contract, in which title to the automobile sold him was retained in the seller, to secure the balance of the purchase price of said automobile; represented by an installment note which was also a title retention note, which note provided for the payment of eighteen (18) installments in the sum of fifty-seven dollars and sixty-five cents ($57.65) each, payable to the seller, or seller's order. That the seller, Knoxville Paige-Jewett Company, endorsed, negotiated and sold, without recourse on the Knoxville Paige-Jewett Company, the said conditional sales contract and title retention installment note, to its co-defendant the Commercial Credit Company; that the plaintiff, McConkey paid ten (10) installments on said note direct to the defendant, Commercial Credit Company, Inc.; that after the payment of the ten installments by the plaintiff to the defendant, Commercial Company, plaintiff defaulted in his payments on said note; that the defendant, Commercial Credit

Company, Inc., thereupon made demand upon the plaintiff for either the surrender of his automobile, or the payment of his past due indebtedness. That the defendant, Commercial Credit Company, through its agents and representatives, did in fect, repossess and take up plaintiff's automobile; that the defendant, Commercial Credit Company, Inc., held said automobile in its possession for considerable more time than ten (10) days before advertising the same for sale, and did not advertise for sale said automobile within ten (10) days of the time it repossessed the automobile, and that the plaintiff McConkey did not waive the sale of the car within the ten (10) days.

We find evidence to sustain the finding of facts and the first assignment of error is overruled. It is next insisted that the statute under which this action is brought does not apply to the assignee of the original seller. Section 3666 and 3669 are as follows:

"When any personal property is sold upon condition that the title remain in the seller until that part of the consideration remaining unpaid is paid, it shall be the duty of said **seller,** having regained possession of said property because of the consideration remaining unpaid at maturity, to, within ten days after regaining said possession, advertise said property for sale for cash to the highest bidder. . . ."

In Section 3669 under which recovery is sought, it is provided:

"Should the **seller,** having regained possession of said property, fail to advertise and sell the same as provided by this article (unless said sale is waived as provided), the original purchaser may recover from said seller, that part of the consideration paid, in an action for the same before any Justice of the Peace or court having jurisdiction of the amount."

We are of the opinion and so hold that the assignee, being the defendant herein stands on no higher ground than the original seller. The defendant cannot take the property and sell it without complying with the law. This statute is to protect the buyer of property wherein certain consideration has been paid and the seller undertakes to regain the property for the deferred payments. The defendant who purchased the notes and who undertook to hold the automobile as security for the deferred notes is treated under the law as seller and seller in the statute includes the defendant. The defendant had knowledge of the plaintiff's equities and rights and to allow the defendant to escape and not comply with the statute would render the statute powerless and of no effect for the reason; an original seller retaining title to property could endorse the note or notes executed by the buyer and the assignee of the original seller could gain possession of the property sold and dispose of the property without complying with the law and render the buyer

608

helpless. We cannot place such a construction on this statute. There is no error in the judgment of the lower court, all the assignments of error are overruled, the judgment of the lower court is affirmed. The plaintiff will recover of the defendant and its sureties on appeal bond the amount of the judgment rendered in the lower court with interest thereon from the date of its rendition and all the costs of the cause for which execution will issue.

Heiskell and Senter, JJ., concur.