FIRST DISCOUNT CORP., APPELLEE, *v.* SUTTON, D. B. A. KING KAR CO., APPELLANT.

(No. 5007—Decided February 26, 1954.)

*Mr. Clarence L. Corkwell,* for appellee.
*Mr. John J. Chester* and *Mr. Clayton M. Rose, Jr.,* for appellant.

MILLER, J. This is an appeal on questions of law from a judgment of the Municipal Court of Columbus in favor of the plaintiff, appellee herein, for the balance due on a promissory note, plus interest. The

facts are agreed upon and were submitted to the trial court by stipulation. As far as pertinent to the issue raised herein, they reveal that the defendant, appellant herein, King W. Sutton, as part payment for the purchase price of an automobile, accepted the promissory note of one Thomas J. Rogers in the sum of $492.60 which was discounted before maturity to the plaintiff, the First Discount Corporation, for the sum of $400 and that the note was endorsed "without recourse" by the defendant. The maker of the note defaulted and suit was instituted against him, but the action was dismissed for the reason that he was found to be an incompetent person. This action was then instituted against Sutton to recover the full amount due on the note and for which the judgment was rendered. Sutton admits his liability on the restricted endorsement but urges that the amount of recovery should have been limited to the plaintiff's actual damages because of the breach instead of the balance due on the note. Section 8170, General Code, provides that a qualified endorser of a promissory note warrants "that all prior parties had capacity to contract"; hence, there can be no question as to the breach of warranty. What is the measure of damages for such breach? The defendant urges that it is the value of the consideration given by the plaintiff plus interest, less any payments it may have received on the same. We think the authorities support the defendant's theory of the case.

In the case of *Voelker* v. *Arras,* 23 N. P. (N. S.), 69, 65 W. L. B., 239, the same question arose. Although the breach there related to an "illegal consideration" instead of lack of capacity of a prior party, we think the damages must be measured by the same "yardstick." In the reported case, the court's charge to the jury appears on page 75 as follows:

"So, gentlemen of the jury, if by a preponderance of the evidence and under the rules of law which I have given you, you find that plaintiff is the owner and holder of the note in question; that he became such owner and holder for a valuable consideration from J. A. Jacobs; that at and before the time he became such owner and holder he had no notice or knowledge of the invalidity of its consideration; that the principal and interest called for in said note is unpaid; that because of such invalidity plaintiff is unable to collect the same from the makers of such note, and that J. A. Jacobs, plaintiff's immediate endorser, is legally uncollectible; then plaintiff is entitled to a verdict at your hands against defendant for the damages sustained by plaintiff by reason of defendant's prior ownership, sale and endorsement of said note; and the measure of such damage would be the value of the consideration given or paid by plaintiff to said Jacobs for such note, together with interest on such amount from the date of plaintiff's purchase of such note to the first day of this term of court, which is April 7, 1919."

This charge was approved by the Court of Appeals without report on September 5, 1919.

The same rule has been given application in an action for breach of warranty involving the title to real estate in the case of *Wetzell* v. *Richcreek,* 53 Ohio St., 62, 40 N. E., 1004. At page 73, the court said:

"The liability of the defendants on their covenants being established, the measure of the damages was not less than that authorized by the rule given in the charge to the jury. In *McAlpin* v. *Woodruff,* 11 Ohio St., 120, it is said that, 'where a grantee of an estate in fee simple, with warranty, is evicted by paramount title, of his entire estate, the rule of damages is settled in Ohio to be the amount of the original purchase money, with interest, not, however, to exceed the

time limited by statute for the recovery of mesne profits from the time of eviction. So, if he be evicted of a definite portion of the premises, the damages are a proportional amount of the purchase money with like interest. *King* v. *Kerr's Adm'r.*, 5 Ohio, 154; *Foote* v. *Burnet*, 10 Ohio, 317; *Adm'rs. of Backus* v. *McCoy*, 3 Ohio, 211; *Clarke* v. *Parr*, 14 Ohio, 118.''

In *Pine-Brownell Co.* v. *Coleman*, 63 Ohio App., 259, 26 N. E. (2d), 216, the action was brought under Section 8416, General Code, for a breach of warranty in the sale of a certificate of deposit which was transferred by delivery. Section 8416, General Code, provides that when such transfers are made, certain warranties accompany the transfer, which are very similar to those in Section 8170, General Code. The court there held that the measure of damages was the amount of money paid for the certificate. The plaintiff relies on the case of *First Discount Corp.* v. *Hatcher Auto Sales, Inc.*, 90 Ohio App., 553, 104 N. E. (2d), 587, affirmed in 156 Ohio St., 191, 102 N. E. (2d), 4, but an examination of that case discloses that the measure of determining the damages was not an issue. · The court there merely found that a qualified endorser of a promissory note is liable for a breach of any of the warranties found in Section 8170, General Code. The other issues in the case are foreign to those in the case at bar.

It is our conclusion that one who endorses a note ''without recourse'' does not guarantee the payment of the same but warrants the four items enumerated in Section 8170, General Code. No action lies on the endorsement for by his written contract he expressly declines to assume such responsibility. The endorsement effects a transfer of the title to the instrument without imposing the liability for the payment of the same. The endorser is a mere assignor of the title to the in-

strument. Section 8143, General Code (Section 1301.40, Revised Code). He is, therefore, liable as a vendor. *Dumont* v. *Williamson,* 18 Ohio St., 515, 98 Am. Dec., 186; *Drennan* v. *Bunn,* 124 Ill., 175, 16 N. E., 100, 7 Am. St. Rep., 354; *Watson* v. *Chesire,* 18 Iowa, 202, 87 Am. Dec., 382; *Challiss* v. *McCrum,* 22 Kan., 157, 31 Am. Rep., 181; *Carroll* v. *Nodine,* 41 Ore., 412, 69 P., 51. The measure of damages for a breach of warranty under the sales act is defined by subdivision (6) of Section 8449, General Code, as the loss directly and naturally resulting in the ordinary course of events from the breach of warranty.

The judgment is reversed, and the cause is remanded with instructions that judgment be rendered in accordance with the legal principles herein announced.

*Judgment reversed.*

WISEMAN, P. J., and HORNBECK, J., concur.