JACK BALLINGER AND HALL BALLINGER, d/b/a City Motor Sales *v.* DELTA LOAN & FINANCE COMPANY.

(*Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

GEORGE A. McCORMICK, of Memphis, for Ballinger et al.

FITZHUGH & CLAY, of Memphis, for Delta Loan & Finance Co.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The question presented in this case is whether the City Motor Sales was released on the Conditional Sales Contracts, which it had assigned to Delta Loan and Finance Company on account of the fact that the plaintiff, Delta Loan and Finance Company did not advertise and sell the automobiles in question in compliance with Code Sections 7287 and 7291 respectively.

Both lower courts found in favor of the plaintiff and held that after the plaintiff had repossessed the cars in question it offered to turn over the cars to the defendant City Motor Sales, the conditional vendor for sale, and the latter had refused to accept the delivery of the cars.

It appears that the defendant below City Motor Sales are used car dealers, and they sold the several cars in

question to different individuals, taking therefor a conditional sales contract, retaining title in the several automobiles. Thereafter, City Motor Sales sold these contracts, or notes, to plaintiff Delta Loan and Finance Company. The latter repossessed the cars, but did not sell them in compliance with the Conditional Sales Law of the State, but offered them to the defendants City Motor Sales for the latter to sell and the amount brought to be credited on the notes in question.

The plaintiff below Delta Loan and Finance Company instituted suits on the several notes and obtained judgment against the defendant City Motor Sales.

The trial judge in his opinion stated that plaintiff fulfilled its duty when it tendered these automobiles back to the defendants. He also expressed the opinion that the defendants were in a better position to make a more advantagous sale of the cars than was the plaintiff.

The Court of Appeals affirmed for the above reason and also the Conditional Sales Law was enacted for the primary benefit of the vendee in the first instance, and not the vendor, and that the original vendee was the only person who could invoke the defense of not complying with the Conditional Sales Statutes by advertising according to its terms.

The provisions of the Conditional Sales Law of Tennessee applicable to the facts of the present case are contained in Code Sections 7287 and 7291 respectively. These Code Sections are as follows:

"7287. Failure to pay purchase money; advertisement and sale of chattel; waiver of sale.—When any personal property is so sold upon condition that the title remain in the seller, it shall be the duty of said seller, having regained possession of said property because of the consideration remaining unpaid at

maturity, within ten days after regaining said possession, to advertise said property for sale for cash, to the highest bidder, by written or printed posters posted at as many as three public places in the county where the property is to be sold, one of said places to be in the civil district in which said property is to be sold, one at the courthouse door in the county, and the third at any public place in the county, said notices to be posted at least ten days before the day of sale, and to contain a description of the property to be sold, and time and place of said sale. Unless the debt is satisfied before the day of sale, then it shall be the duty of said original seller, or his assignee or agent, at the time and place as stated in said notices, to offer for sale, and sell, said property, as provided above, and, with the proceeds of said sale, satisfy the amount of his claim arising from said conditional sale above mentioned, and the expenses of advertisement, if any, and the remainder of said proceeds, if any, he shall pay over to the original purchaser; but the original seller, or his assignee, and purchaser, may at any time, by agreement in writing, entered into after default, waive the sale provided for in this article.''

''7291. Purchaser may recover payments on failure to sell.—Should the seller or assignee, having regained possession of said property, fail to advertise and sell the same as provided by this article (unless said sale is waived as provided), the original purchaser may recover from said seller or assignee that part of the consideration paid to him, in an action for the same before any justice of the peace or court having jurisdiction of the amount.''

These Code Sections quoted above have been before the courts of this State and have been construed in a number of cases. The opinion of the Court of Appeals observes that the facts in this case present a novel question in this State.

In the case of *Wright* v. *Batchelor Motor Co.*, 2 Tenn. App. 468, it was held that the assignee of a note secured by a Conditional Sales Contract stands in the same position of the original conditional vendor.

It was further held in that case that an assignment of a conditional sales note or contract carries with it the right to the property, and all the remedies conferred by law on the original vendor.

In *Commercial Credit Company* v. *McConkey*, 9 Tenn. App. 605, it was held that the assignee of a conditional sales contract must comply with the conditional sales statutes.

Following these two cases the Court of Appeals in *Commerce Union Bank* v. *Jackson*, 21 Tenn. App. 412, 111 S. W. (2d) 870, held that the failure to pursue the provisions of the conditional sales law releases an indorser from liability for the balance due on the note.

It will be observed that in the present case the plaintiff obtained possession of the six automobiles in question and then notified the defendant, the indorser or assignor of the notes, that plaintiff had possession of the cars and offered to deliver. the cars to the defendant for the purpose of sale under the conditional sales law. The defendant declined to accept delivery.

The indorsement on these notes is what has come to be known in the conditional sales contract field as a "repurchase agreement", under a repurchase plan, as here, the automobile dealer sells the note to the Finance Company with the understanding that in the event of

the conditional vendee's default, the dealer will repurchase the note from the finance company for the amount stated in the face of the note, less instalments paid, if any, and less unearned insurance premiums and less unearned finance charges. The automobile, of course, follows the note as its security for payment.

Under this agreement, as appears in the present case, the finance company repossessed the automobile and returned it to the dealer, accompanied by the demand upon the dealer to buy back the note. The finance company, in the present case, repossessed the cars in question and under said agreement turned five of them over to their assignors, the dealer, in order that the latter might sell the cars and reduce their liability on the notes indorsed and guaranteed. Since the dealer refused to take the automobiles they breached their contract with the plaintiffs and cannot now complain that the latter did not follow Code Sections 7287 and 7291 respectively. Had the assignors and assignees not entered into this repurchase agreement the defendants' position would be sound. However, the repurchase agreement, we think, places the dealers in a position where they cannot complain of noncompliance with the conditional sales statute.

It therefore results that the assignments of error are overruled and the judgment of the Court of Appeals is affirmed.