GULF OIL CORPORATION, Appellant, v. DONALD
FORCUM, d/b/a Associated Contractors & Engineers,
Appellee.—381 S. W. (2d) 521.

Western Section. February 26, 1964.

Certiorari Denied by Supreme Court July 15, 1964.

M. Watkins Ewell, Sr., Dyersburg, and Cooper Turner, Memphis, for appellant.

Ashley, Malone & Ashley, and Ralph I. Lawson, Dyersburg, for appellee.

BEJACH, J. ██ In this cause, the Gulf Oil Corporation, which was defendant in the lower court, appeals from a judgment against it in the sum of $1,000, plus interest thereon from May 15, 1960, recovered against it by Donald Forcum, d/b/a Associated Contractors and Engineers, who was plaintiff in the lower court. The cause comes to us under the provisions of Section 27-303 T.C.A. for a hearing de novo, with a presumption that the judgment of the trial court is correct unless the preponderance of the evidence is contrary to the judgment. In this opinion, the parties will be referred to, as in the lower court, as plaintiff and defendant, or called by their respective names, the defendant being sometimes designated as Gulf.

Plaintiff sued in the Circuit Court for $3,000 damages, basing his claim on the doctrine of quantum meruit. Compensation in the amount sued for was sought by plaintiff for removing and storing equipment of the defendant from a filling station site located on U. S. Highway 51, south of Dyersburg, Tennessee, which site was condemned by the State of Tennessee for highway purposes, and for the building or extension of which highway plaintiff had a contract with the Highway Department of the State of Tennessee. We quote plaintiff's Declaration, which, omitting the caption and heading of same, is in the words and figures, as follows:

"The plaintiff, Donald Forcum, a resident and citizen of Lauderdale County, Tennessee, and doing business as the Associated Contractors and Engineers, sues the defendant, Gulf Oil Corporation, a foreign corporation, doing business in the State of Tennessee and for his cause of action says:

## "I.

"That on or about March 24, 1962, the defendant, Gulf Oil Corporation, recovered a judgment in the amount of $5,000 from D. W. Moulton, Commissioner of the Department of Highways and Public Works of the State of Tennessee in the case of D. W. Moulton, Commissioner, v. W. G. Burks, et al., No. 3472 in the Circuit Court of Dyer County, Tennessee, an eminent domain proceeding to condemn property belonging to W. G. Burks, et ux for highway purposes, which was leased and occupied by defendant as an automobile service station in the Twelfth Civil District of Dyer County, Tennessee, on the east side of Highway #51, South of Dyersburg; and of which sum $2,000 was

awarded to defendant as the value of its leasehold, and $3,000 was awarded defendant as the reasonable cost for removing certain equipment and fixtures from said lot or tract of land.

"II.

"Plaintiff acting by and under the authority granted him by D. W. Moulton, Commissioner of the Department of Highways and Public Works of the State of Tennessee, after a writ of possession had been awarded the State of Tennessee for the possession of the aforementioned property in said eminent domain proceeding, went upon the automobile service station property at the plaintiff's cost and expense, removed the following equipment and fixtures therefrom in or about the Month of April and May, 1960, being the same equipment referred to in the aforesaid eminent domain proceeding, to wit:

1—1½ HP Kellogg Air Compressor
1—120 Gal. Erie Kero Outfit
1—Rotary Lift
1—Guardian T-Type island light
2—Guardian Hinges type fl. poles
2—Bennett Single Computing Pumps
1—Tok. Single Computing Pumps
3—3,000 Gal. underground tanks
4—61R Alzak lights

"III.

"That plaintiff avers that ownership of said above listed equipment and fixtures was then in dispute, plaintiff claiming the same for its salvage value under plaintiff's contract with the State of Tennessee Depart-

ment of Highways and Public Works, to construct a portion of a new Highway 51 over and across the aforementioned property, and defendant claiming the same as personal property removeable from said land and not subject to condemnation, and which dispute was resolved by the judgment of this Court in the aforesaid eminent domain proceeding in favor of defendant, and by the Circuit Court of Lauderdale County, Tennessee, in the case of Gulf Oil Corporation v. Donald Forcum, et al., #608, a replevin action wherein defendant was awarded possession of said above listed equipment and fixtures.

## "IV.

"Plaintiff avers that he has rendered valuable services and incurred considerable expense, in excess of $3,000 in value, in removing and detaching said fixtures and equipment, and that defendant has received full benefit thereof, and for the reasonable value of which plaintiff is entitled to be paid; that plaintiff has demanded payment of defendant for the reasonable value of said services rendered, but defendant refused and continues to refuse payment thereof.

"WHEREFORE, the plaintiff sues the defendant for the sum of $3,000.00 damages and demands a jury to try the issues joined."

Although a jury was demanded in the declaration, same was later waived, and, by agreement, the cause was tried before Hon. E. A. Morris, Circuit Judge, without the intervention of a jury.

Plaintiff's declaration was filed January 10, 1963. On March 4, 1963, defendant filed pleas of res judicata, in which it pleads that the replevin suit in Lauderdale

County, same being Rule Docket cause No. 608 in that Court, and the condemnation suit in Dyer County, Tennessee, both of which suits are referred to in plaintiff's declaration, bar plaintiff's cause of action in this suit. On the 16th day of March 1963, defendant filed a demurrer to plaintiff's declaration in the instant case, and on the 21st day of March 1963, defendant filed eight special pleas which include pleas of nil debit, non assumpsit, not guilty, reiterate defendant's pleas of res judicata, and pray for a dismissal of plaintiff's cause of action.

On the 21st day of March 1963, as is shown by the record in this cause, the court met and recorded a judgment overruling defendant's pleas of res judicata and its demurrer, which judgment recites that same was done March 16, 1963. On that date, March 21, 1963, the court also heard the cause on its merits and entered the judgment for $1,000 referred to above.

Although, under the provisions of Section 27-303 T.C.A., a motion for new trial was not necessary as a prerequisite for appeal, the judgment entered March 21, 1963 granted to defendant 30 days within which to file motions for new trial, and on April 16, 1963, defendant did file its motion for a new trial. On the same day, defendant's motion for new trial was overruled, and defendant prayed an appeal in the nature of a writ of error, and was granted 60 days within which to file its bills of exceptions, which was done and the appeal perfected. Although the appeal prayed for was an appeal in the nature of a writ of error, we will treat same as a simple appeal authorized by section 27-303 T.C.A.

In this Court, as appellant, defendant has filed thirteen assignments of error. We deem it unnecessary to copy

these assignments into this opinion, or to discuss them separately. In our opinion, they present only three questions to be decided by this Court, which are: 1. Did the trial judge err in overruling defendant's demurrer? 2. Did the trial judge err in overruling defendant's pleas of res judicata, and 3. Did the trial judge err in deciding the case in favor of plaintiff on the evidence before it?

■■■■ The first of these questions must be decided against the defendant, because its plea of res judicata, which is a plea in bar, was filed after the filing of its demurrer. As authority for this decision, we quote from Caruthers History of a Lawsuit, 7th Ed., by Gilreath, Sec. 169, as follows:

"The defendant as a general rule is not required to make any defense to the action brought against him until the plaintiff has filed his declaration, which, as has been seen, he must do within the first three days of the term to which the summons is returned executed. The defendant has two whole days after the three days allowed the plaintiff within which to consider of and make his defense. This he does first, by motion, then by plea in abatement, then by demurrer, and finally by plea in bar. This is the order of pleading existing at the common law, and it should be observed, because an advanced step in pleading waives all defenses which should be antecedently made. This rule of the common law has been modified by statute in Tennessee, so that a plea in bar is not a waiver of a plea in abatement, but both may be pleaded and heard at the same time."

It follows, that regardless of the merits of defendant's demurrer, and although the trial judge did not rest his

decision overruling same on that ground, nevertheless his ruling on this aspect of the case must be affirmed. The defendant might have raised the same issue later by means of a motion in arrest of judgment, but no such motion was made.

■ With reference to the defendant's plea of res judicata, we think the learned trial judge erred in overruling same. It appears from comments made by the trial judge that he overruled the pleas of res judicata because the replevin suit for defendant's equipment which plaintiff removed and stored, settled only defendant's title to same; whereas, in the instant case, plaintiff concedes defendant's title to that equipment and merely sues for compensation for removing and storing same for the benefit of defendant. Replevin is a possessory action in which the plaintiff must show a right to immediate possession; and, if the right of property or its possession is in defendant, or in a stranger, plaintiff will be defeated. Bogard v. Jones, 28 Tenn. 739; Shaddon v. Knott, 32 Tenn. 358, 58 Am. Dec. 63; Marlin v. Merrill, 25 Tenn.App. 328, 156 S.W.(2d) 814. In the replevin suit in the Circuit Court of Lauderdale County, where defendant in the instant case was plaintiff and plaintiff in the instant case was defendant, the defense of a common law lien for the purpose of enforcing the same claim asserted in the instant case was unsuccessfully asserted. It thus appears that not only were the parties in that suit the same as those in the instant case but, in addition, the same issues were litigated. Even if plaintiff in the instant case had not. asserted that defense in the replevin suit, he would be barred by the judgment in that case, because the defense of res judicata is applicable not only to issues which were in fact litigated in the

former case, but also to all issues which might properly have been litigated therein. Jackson v. Jackson, 3 Tenn. Cases (Shannon) 18, 2 Leg.Rep. 275; Waybright v. Columbian Mutual Life Ins. Co., 6 Cir., 122 F.(2d) 245.

In our opinion, the defense of res judicata should have been sustained also, by proof of the judgment of Judge Morris' own court in the case of D. W. Moulton, Commissioner v. W. G. Burks et al., No. 3472, in the Dyer County Circuit Court. In that case, the question of whether or not the equipment for the removal and storage of which plaintiff seeks compensation in the instant case, was litigated. The question there involved was whether it was attached to the real estate, and therefore subject to condemnation, or whether it was personal property and not subject to condemnation. Defendant in the instant case was also a defendant in that case, and that issue was decided in its favor. True, plaintiff in the instant case was not a party to that suit, but he had a contract with the Tennessee Commissioner of Highways, who was plaintiff in that case, under the terms of which he was obligated to clear the ground on which the highway was to be constructed and was entitled to all salvage resulting from such clearance. Though not a party to that suit, plaintiff in the instant case was clearly in privity with the plaintiff in that suit, and such privity is expressly asserted in plaintiff's declaration in the instant case. The defense of res judicata is available, not only against parties to former suits, but also to their privies, where a subsequent suit involves the same issue. Harris v. Mason, 120 Tenn. 668, 115 S.W. 1146, 25 L.R.A., N.S., 1011.

The proof in this cause shows that no writ of possession was issued in the case of D. W. Moulton,

Commissioner v. W. G. Burks, et al., and that the State of Tennessee took possession of the property involved in that suit on May 15, 1960. The proof is also clear that prior to that date, during the early part of May, 1960, Mr. Lex Thompson, a plumber of Dyersburg, Tennessee, who was under contract with defendant in the instant case, for a consideration of $650.00 to remove and ship for defendant the identical equipment set out in plaintiff's declaration in the instant case and involved in the replevin suit in Lauderdale County, and that Mr. Thompson undertook to carry out his contract and was about to remove the equipment, or try to do so, when he was ordered off the premises by plaintiff, on the ground that plaintiff was the owner of that equipment. At that time, the question of ownership had not been determined in the condemnation suit, and it is contended by plaintiff that, with the equipment and assistance which he had, Mr. Thompson would have been unable to remove this equipment. This contention found favor with the trial judge, who commented, in making his decision, that defendant's effort to remove the equipment was not a bona fide effort made in good faith. We think this conclusion, even if true, is immaterial. It is clear that defendant was, at that time, claiming ownership and right to possession of the equipment and, also, that plaintiff, under his contract with the State Highway Department, was also claiming ownership and right to possession of same. We think plaintiff made such claim at his peril. It follows, when defendant's title to the equipment was adjudged in the condemnation suit, and doubly so when its title and right of possession was adjudged in the replevin suit, that when plaintiff removed the equipment at his own expense and stored it in his warehouse in Lauder-

dale County, he was doing that, under a claim of ownership, for his own use and benefit, not for the benefit of the defendant in the instant case. Plaintiff claims that the expense of making such removal was greater than $3,000, and he offered proof to sustain that contention. There is also proof that much of the work of removal for which plaintiff is claiming compensation in this case was unnecessary so far as removal of the equipment was concerned, but was necessary and useful in clearing the site for construction of the highway. The trial judge allowed only $1,000, instead of the $3,000 claimed; but, in our opinion, it is immaterial whether plaintiff's expenses incurred in effecting such removal were either more or less than $3,000. He removed the equipment, under claim of ownership and for his own use and benefit; and he should not now be permitted to recover compensation from defendant for such removal, on the ground that it inured to the benefit of defendant. The fact that defendant, in the condemnation suit, recovered $3,000 to cover the reasonable cost of removal of its fixtures, can not entitle plaintiff to recover from defendant either that sum or any portion thereof, even though, under the facts of the instant case, defendant did not have to expend any substantial portion of same. That award to defendant was made in the condemnation suit pursuant to specific authority contained in Sec. 23-1414 T.C.A. His honor, the trial judge, was of opinion that defendant had been unjustly enriched. This may be true, but even if true, we think it is wholly immaterial; and especially so as this is a law case and not a suit in equity. Plaintiff does not claim any express contract with defendant which could entitle him to compensation; and, in our opinion, the facts of this case do not meet the requirements of an implied contract.

From 58 Am.Jur.—Work and Labor—Sec. 7, p. 515, we quote as follows:

"A promise to pay for services rendered without an express contract as to compensation will not be implied in fact where there are no circumstances or conduct warranting the inference of such a promise or where the circumstances or conduct warrant a contrary inference. Such a promise is not implied where the person benefited has said or done nothing from which such a promise may be inferred, or where, at the time they were rendered, it was intended, understood, or agreed that no payment should be made for them."

From the same text, in Section 9, we quote as follows:

"Where one by mistake in good faith has expended labor on the property of another, not destroying its identity, nor converting it into something substantially different, nor essentially enhancing its value, he cannot recover compensation therefor from the owner, although the owner has availed himself of the benefit. Nothing could more encourage carelessness than the acceptance of a principle that one who by mistake performs labor on the property of another should lose nothing by his error, but should have a claim on the owner for remuneration." 58 Am.Jur.—Work and Labor—Sec. 9, pp. 517-518.

On this subject, from the opinion of Judge Senter in Lazenby v. Sachse, 9 Tenn.App. 1, at page 5, we quote as follows:

"However, each case must be governed and controlled by the peculiar facts and circumstances. After all, it resolves itself into a question of intention. If

under all the facts and circumstances it appears that the person rendering the services did not, at the time the services were rendered intend to make a charge for same, and the person to whom the services were rendered, did not expect to pay for same, there can be no implied contract or agreement obligating the person receiving the services to pay for the same.''

On the same subject, from the opinion of Judge Felts of the Middle Section of this Court, now Mr. Justice Felts of the Supreme Court, in the case of Nashville Breeko Block & Tile Co. v. Hopton, 29 Tenn.App. 394, 196 S.W.(2d) 1010, we quote as follows:

''The basis of an obligation to pay for personal services must, of course, be a contract, either express or implied. Here there was no express contract; but there was a request of the directors for defendant's services, and upon this request he performed such services, which complainant accepted and greatly benefited thereby. In general, from the mere rendering of services by one and their acceptance by another the law will imply an obligation upon such other to pay the reasonable value of the services, since no one is expected to labor without hire. But there is an exception where the relation of the parties is such that one might reasonably be expected to render services to the other gratuitously, as in the case of members of the same family, or the case of directors of a corporation performing the usual and ordinary duties which are customarily performed by directors for the corporation without compensation.'' Nashville Breeko Block & Tile v. Hopton, 29 Tenn.App. 407, 196 S.W.(2d) 1016.

The most recent Tennessee case, which we have found on this subject, is Cotton v. Roberts Estate, 47 Tenn.App.

277, 337 S.W.(2d) 776, in which case the Court of Appeals, Middle Section, denied a nephew's claim against his aunt's estate for services rendered. From the opinion of Judge Humphreys in that case, we quote, as follows:

"The rules of contract law applicable to a case of this kind may be fairly summarized thus: In order to make out an implied contract for the rendition of services, facts and circumstances must be shown which amount to a request for services, which is the offer to contract, and the performance of the requested services, which is the acceptance of the offer. As indicated, the request or offer need not be stated in words. Any conduct from which a reasonable person in the offeree's position would be justified in inferring a promise in return for the requested act, amounts to an offer. In the absence of facts and circumstances amounting to such a request, a contract may yet be implied when the facts and circumstances show that the person receiving the benefit of such work or services knew, or reasonably should have known, that the person doing the work expected to be paid and that the services were performed and accepted on this basis." Cotton v. Roberts Estate, 47 Tenn.App. 284-285, 337 S.W.(2d) 779.

In the instant case, an express contract is admittedly totally absent and none of the facts requisite for establishing an implied contract are present. It is, therefore, our opinion that plaintiff in the instant case has totally failed to establish a cause of action, and that his honor, the trial judge, should have dismissed the case.

We are aware that, under the provisions of Sec. 27-303 T.C.A., this case comes to us with a presumption that

the judgment of the trial judge is correct, unless the preponderance of the evidence is contrary to the judgment. In the instant case, since even the plaintiff's own evidence shows, in our opinion, that he was not entitled to a recovery, it seems clear to us that the evidence does preponderate against the judgment of the learned trial judge. That judgment will, accordingly, be reversed and plaintiff's suit in the instant case dismissed. The costs of the cause, including both those of the lower court and those of the appeal, will be adjudged against the plaintiff, Donald Forcum and his surety on the cost bond filed in the Circuit Court.

Avery, P.J., (W.S.), and Carney J., concur.