PERSONAL LOAN AND FINANCE COMPANY, Appellant, v. W. M. KINNIN and JOE FESMIRE, JR., d/b/a Mid-Town Furniture & Appliance Company, Appellees.—408 S.W.(2d) 662.

Western Section. June 22, 1966.

Certiorari Denied by Supreme Court, November 17, 1966.

482

James A. Crislip, Memphis, Clinton P. Clausel, Memphis, of counsel, for appellant.

John B. Maxwell, Jr., Memphis, Apperson, Crump, Duzane & Maxwell, Memphis, of counsel, for appellees.

BEJACH, J. In this cause, Personal Loan and Finance Company of Memphis, Tennessee, which company was plaintiff in the lower court, appeals from a judgment against it dismissing its suit in this cause against W. M. Kinnin and Joe A. Fesmire, Jr., individually, and doing business as Mid-Town Appliance Company of Memphis, Tennessee, who were defendants in the lower court. In this opinion, the parties will be referred to as in the lower court, as plaintiff and defendants, or called by their respective names.

Plaintiff is an industrial loan and thrift company which engages in the business of purchasing or discounting conditional sales contracts. Defendants are engaged in a furniture and appliance business in Memphis, Tennessee. On June 26, 1963, plaintiff purchased from defendants a conditional sales contract purporting to represent a title retention sale of certain articles of furniture to Tom Jeffrey and Geraldine Jeffrey. The contract was sold by defendants to plaintiff under what is known as a "without recourse" assignment, under which the defendant, assignors, warranted that the contract was a bona fide contract, and that it actually was executed by the named purchasers. Assignors agreed that should this warranty be false, they would purchase or repurchase the contract upon demand for the unpaid balance then due.

Tom Jeffrey, shortly after the plaintiff purchased it, denied that he executed the contract, and demand was made on defendants to repurchase same, but defendants maintained that Tom Jeffrey had in fact signed the contract and refused to repurchase same. Plaintiff then filed suit against Tom Jeffrey and Geraldine Jeffrey for the balance due on the note contained in the contract. That suit was filed in the General Sessions Court of Shelby County, Tennessee, and, after having been appealed to the Circuit Court of Shelby County, was decided by Judge Howard Vorder Bruegge of Division VII of the Circuit Court of Shelby County, Tennessee in favor of Tom Jeffrey and Geraldine Jeffrey. The decision in favor of Tom and Geraldine Jeffrey was based on the defense by Tom Jeffrey of forgery of his signature and in favor of Geraldine Jeffrey on the ground of material alteration, which alteration consisted of the addition of the forged signature of Tom Jeffrey. Thereafter, plaintiff brought suit against defendants in the Circuit Court of Shelby County, Tennessee, where the instant case was tried before Judge William B. Leffler of Division III of the Circuit Court of Shelby County, Tennessee. The judgment and finding of facts by Judge Vorder Bruegge in the plaintiff's suit against Tom Jeffrey and Geraldine Jeffrey was introduced in evidence before Judge Leffler. A letter from James A. Crislip, counsel for plaintiffs, to Mid-Town Furniture Company, dated February 26, 1964, sent by certified mail, was also introduced before Judge Leffler, which shows that while the plaintiff's suit against Tom and Geraldine Jeffrey was pending, defendants were advised that if that suit terminated adversely to plaintiff, defendants would be held liable under its assignment contract. The defenses of defendants in the instant case were, primarily, that the signature of Tom

Jeffrey was actually his, and that defendants were not in privity with plaintiff so as to be bound by the judgment rendered by Judge Vorder Bruegge. Judge Leffler held that the signature of Tom Jeffrey was genuine and that defendants were not in privity with plaintiff, so as to be bound by the judgment rendered by Judge Vorder Bruegge. He gave judgment for defendants in the instant case, which judgment has been appealed to this Court.

In this Court, as appellant, plaintiff has filed four assignments of error. We deem it unnecessary to copy these assignments of error into this opinion, or to discuss them separately. The determinative issue in this cause is whether or not defendants were in privity with plaintiff, so as to be bound by the judgment against plaintiff in its suit against Tom and Geraldine Jeffrey.

Defendants rely on the presumption created by section 27-303 T.C.A., that the judgment of the trial court is correct; and they deny that defendants were or are in privity with plaintiff so as to be bound by the judgment of Judge Vorder Bruegge in the case of plaintiff against Tom and Geraldine Jeffrey.

Defendants also contend that plaintiffs must be repelled under the doctrine of election of remedies, their contention being that when plaintiff sued Tom and Geraldine Jeffrey on the assigned contract, they elected to maintain that said contract was valid and enforceable, and that they cannot now take the inconsistent position that said contract is unenforceable against Tom and Geraldine Jeffrey.

In our opinion, defendants were in privity with plaintiffs so as to be bound by the judgment in plaintiff's suit against Tom and Geraldine Jeffrey, and that the finding

of fact in that case to the effect that the signature of Tom Jeffrey was forged is conclusive in favor of plaintiff in this cause.

Black's Law Dictionary, with citation of authorities for each definition of the word privity, defines privity as follows:

"Mutual or successive relationship to the same rights of property.

Derivative interest founded on or growing out of contract, connection or bond of union between parties, mutuality of interest."

In 30A Am.Jur.—Judgments, section 371, it is stated:

"It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action and were there admitted or judicially determined, are conclusively settled, by a judgment rendered therein, and that such facts or questions become res judicata, and may not again be litigated in a subsequent action between the same parties, or their *privies,* (emphasis added), regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief."

In Gulf Oil Corporation v. Forcum, 53 Tenn.App. 179, 381 S.W.2d 521, this court held that the defendant Forcum, whose rights accrued under a contract between him

and the State Highway Department of Tennessee, was in privity with the State Highway Department and bound by a judgment against it in a condemnation suit. From the opinion of this Court, Western Section, in that case, we quote as follows:

"In our opinion, the defense of res judicata should have been sustained also, by proof of the judgment of Judge Morris' own court in the case of D. W. Moulton, Commissioner v. W. G. Burks, et al., No. 3472, in the Dyer County Circuit Court. In that case, the question of whether or not the equipment for the removal and storage for which plaintiff seeks compensation in the instant case, was litigated. The question there involved was whether it was attached to the real estate, and therefore subject to condemnation, or whether it was personal property and not subject to condemnation. Defendant in the instant case was also a defendant in that case, and that issue was decided in its favor. (The defendant referred to was complainant in the case under consideration). True, plaintiff in the instant case was not a party to that suit, but he had a contract with the Tennessee Commissioner of Highways, who was plaintiff in that case, under the terms of which he was obligated to clear the ground on which the highway was to be constructed and was entitled to all salvage resulting from such clearance. Though not a party to that suit, plaintiff in the instant case was clearly in privity with the plaintiff in that suit, and such privity is expressly asserted in plaintiff's declaration in the instant case. The defense of res judicata is available, not only against parties to former suits, but also to their privies, where a subsequent suit involves the same issue. Harris v. Mason, 120 Tenn. 668, 115 S.W. 1146, 25 L.R.A., N.S., 1011.''

Gulf Oil Corp. v. Forcum, 53 Tenn.App. 188, 381 S.W. 2d 521.

■ The law is settled in Tennessee, under our Conditional Sales Statute, that the assignee stands in the shoes of the assignor and has all the rights, and is subject to all the obligations of the assignor. Among the cases so holding are: First Nat'l Bank v. Union Ry. Co., 153 Tenn. 386, 284 S.W. 363; Wallis v. B. A. C. Corp., 175 Tenn. 659, 137 S.W.2d 274; American Indemnity Co. v. Allen, for Use and Benefit of Commerce Union Bank, 176 Tenn. 134, 138 S.W.2d 443; and Jackson Bros. v. Harpeth Nat'l Bank, 12 Tenn.App. 464.

■ Counsel for defendant, in their brief, contend that in bringing this suit the plaintiff alleged that the contract in question was forged, that the burden of proof was on plaintiff to prove this allegation, and that no proof to that effect was offered at the trial in the lower court. We think this contention of defendants is untenable. Plaintiff did introduce in evidence the judgment and findings of fact of Judge Vorder Bruegge in the suit by plaintiff against Tom and Geraldine Jeffrey. In our opinion, that was sufficient proof of the allegation made with reference to forgery and sufficient to justify a judgment against defendant. In the disbarment suit against Judge Raulston Schoolfield, this Court held, refuting a similar contention in that case, that the grounds of disbarment had not been proved, that the introduction in evidence in the Chancery Court of the judgment of conviction in the impeachment trial by the Senate of Tennessee was sufficient evidence. The Supreme Court in the reported case affirming the Court of Appeals and the Chancellor, Schoolfield v. Tennessee Bar Association and Chattanooga Bar Association, 209 Tenn. 304, 353 S.W.2d 401, went even further and held

that the courts might take judicial knowledge of the impeachment proceedings. From the Supreme Court's opinion in that case, written by Mr. Chief Justice Prewitt, we quote as follows:

"This privilege having been granted by this Court, we can take judicial knowledge of the impeachment proceedings heretofore referred to, and use the findings in said trial to determine whether or not the defendant is guilty and should be disbarred." Schoolfield v. Tennessee Bar Assoc., et al., 209 Tenn. 307, 353 S.W. 2d 401.

In Ballinger v. Delta Loan & Finance Co., 197 Tenn. 661, 277 S.W.2d 368, as appears in headnote 2, the Supreme Court held:

"Where under repurchase agreements, assignee of conditional sales contracts repossessed automobiles and turned them over to assignors, who were the conditional vendors, in order that assignors might sell the automobiles and reduce their liability on contracts endorsed and guaranteed, and where assignors refused to take automobiles, assignors breached their repurchase agreements with assignee and, therefore, assignors could not complain of noncompliance with conditional sales statute by assignee in resale of automobiles." Ballenger v. Delta Loan & Fin. Co., 197 Tenn. 661, 277 S.W.2d 368.

In the unreported case of Seaboard Acceptance Co. of Nashville v. Marvin W. Solomon, d/b/a House of Chrome, and Cola Woodfork, decided Oct. 26, 1956, where the suit was on a "without reclurse" assignment, this Court held the assignor liable for refusal to repurchase a contract, the assignment agreement of which guaranteed

that the contract assigned was made in good faith and actually signed by the person or persons therein named as purchaser. In that case, the purchaser's name had been signed by his wife, and, as held by the Chancellor, the purchaser had subsequently ratified the transaction, but the purchaser refused to surrender the property covered by the conditional sales contract to the assignee. In that case, in response to a contention therein made, such as is also made in the instant case, that the case was appealed under the provisions of section 27-303 T.C.A., with a presumption as to the correctness of the Chancellor's finding of fact and a decree based thereon, this Court said:

"We have no quarrel with the finding of fact made by the learned Chancellor that Cola Woodfork ratified the signing of his name to the contract by his wife, Mattie Woodfork; and that, therefore, he became liable on the contract. In any event, this cause is before us under the provisions of section 27-303 Tennessee Code Annotated, with a presumption as to the correctness of the Chancellor's finding of facts, and the decree based thereon, unless the evidence preponderates against the finding. The evidence does not preponderate against the Chancellor's finding of facts. It is his ruling on the law applicable thereto which we think is erroneous. The determinative question, in our opinion, turns entirely upon construction of the language used in the assignment warranty and guaranty. That is a question of law. We think the learned Chancellor misconceived the issue which he was called upon to try.

The primary question presented for adjudication by complainant's bill in this cause is contained in its prayer for a decree against M. W. Solomon, d/b/a

House of Chrome. The fact that Cola Woodfork, also, is or might be liable was and is, in our opinion, wholly immaterial. In nearly all cases of suretyship, the principal, as well as the surety, is liable. The only complication involved in the instant case is that by the terms of the contract, W. M. Solomon was not liable as surety unless and until one or more of his warranties had been breached. This, however, presents merely a situation of conditional suretyship; and the condition, upon the occurrence of which the surety was to become liable, has developed. Warranty (a), that the conditional sales contract assigned was actually signed by the person named therein as the purchaser, was, in our opinion, breached when it was established as a fact that Cola Woodfork did not, himself, actually sign the agreement. The undisputed evidence in this cause establishes that as a fact. That being true, the waiver of recourse against W. M. Solomon became abrogated, and according to the terms of his expressed obligation, he 'unconditionally guarantees the full performance of all the terms and conditions of said agreement by the Purchaser.' The circumstance that Cola Woodfork, as purchaser, under the Chancellor's ruling, is also liable, because of his ratification of the transaction, is immaterial. Solomon's guaranty became operative and effective, whether or not the purchaser was also liable under the contract.''

In the latter part of our opinion in that case, we also said:

"The conclusion which we have reached is, on principle, in harmony with the decision of the Supreme Court and this Court in the case of Ballinger v. Delta Loan and Finance Co. [197 Tenn. 661]. 277 S.W.(2d)

368; although that case involved a repurchase agreement as distinguished from a contract of guaranty, such as is involved in the instant case.''

In the instant case, the contract involved, as was also the situation in the Seaboard Acceptance Corp. case, a repurchase agreement, and the defendant agreed, ''This assignment is made without recourse, except as to the following warranties and conditions to wit: That the said contract is a bona fide one and was actually executed by the person named therein as purchaser; * * *'' Under that agreement, defendant was obligated to repurchase if the contract involved was not signed by the purchaser, and that fact was conclusively established by Judge Vorder Bruegge's judgment in the suit by plaintiff against Tom and Geraldine Jeffrey.

Our conclusion is that the judgment of the Circuit Court must be reversed and judgment entered in this Court in favor of Personal Loan and Finance Company against W. M. Kinnin and Joe Fesmire, Jr., d/b/a Mid-Town Furniture and Appliance Company for $1,206.80, the balance due on the contract involved, together with interest thereon at six per cent per annum from June 19, 1964, the date of institution of the present suit, and all of the costs of the cause, including those of the lower court as well as those of the appeal.

Avery, P.J. (W.S.), and Carney, J., concur.