## WILSON-WARD COMPANY *v.* WALKER.

### Opinion delivered October 16, 1916.

CONFLICT OF LAWS—USURY—EVIDENCE OF INTENTION OF PARTIES—PROMISSORY NOTE.—Where A. in Tennessee loaned money to B. in Arkansas, B. executing his promissory note therefor in Arkansas, the note bearing a rate of interest legal in Arkansas, but usurious in Tennessee, it will be presumed that the parties contracted with reference to the laws of Arkansas, and it is error to exclude testimony by the lender that he intended the transaction to be governed by the laws of Arkansas.

Appeal from St. Francis Circuit Court; *J. M. Jackson*, Judge; reversed.

#### STATEMENT BY THE COURT.

Appellants brought this suit on a promissory note in form and with endorsements as follows:

"Forrest City, Ark., Mar. 2, 1910.

"January 15, 1911, after date we promise to pay to the order of Wilson-Ward Company, Twenty Five Hundred and no-100 Dollars, for value received, negotiable and payable without defalcation or discount and with interest from date at the rate of eight per cent. per annum until paid, payable at the office of Wilson-Ward Company, Memphis, Tenn.

(Signed) "THE J. W. BECK COMPANY,
By J. H. TIPTON, *Prest.*"

Endorsed on back of note:

"J. H. Tipton, Ike Mallory, R. W. Benson, G. P. Walker, J. M. Nichols, Hall Bros., by Sam Hall, J. G. Sanders, Wilson-Ward Company, by J. M. Ward, *Prest.*"

Payments previously made.

"October 1, 1912, $250.00.

January 14, 1914, $75.00.

February 19, 1914, $1,500.00."

Appellees answered setting up that the note was a Tennessee contract, governed by the laws of that State and usurious on its face, bearing interest at the rate of 8% and under the laws of Tennessee no rate of interest in excess of 6% could lawfully be charged. Other defenses were also set up.

It appears from the testimony that appellant company of Memphis, Tenn., loaned the money for which the note was given to the Beck Company of Forrest City, Arkansas, the negotiations therefor being conducted at the office of appellant in Memphis, where it was agreed the money would be loaned upon the execution of the note with the endorsement of certain persons, only one of whom was present. The note was prepared and sent to Forrest City for execution, and later returned to Memphis with all the signatures as shown above, except that of the Wilson-Ward Company, the last endorser.

The court refused to allow witness, Ward, Vice-President of appellant company, to state that the company had customers in three other States, including Arkansas, besides Tennessee; that its custom was to have the contracts executed by its customers in the States where they resided with the intention that the laws of such States should control.

Another witness testified that the money was furnished upon the execution of the note; that the payments endorsed thereon had been received and that the balance was due as shown.

Appellees thereupon moved the court to direct a verdict in their favor "On the ground that under the proof of the plaintiff in the case this contract is shown to be a Tennessee contract and on its face would not be enforceable in that State and therefore would not be enforceable in this State." The motion was sustained by the court and from the judgment on the directed verdict, this appeal is prosecuted.

*C. W. Norton* and *W. W. Hughes*, for appellant.

1. The note was given for money loaned to the J. W. Beck Company; the money was not advanced until after the note was signed and the loan was made on the strength of all the signatures and endorsers. Under the law of Arkansas all the parties were joint makers and liable as such. 77 Ark. 5-3.

2. The court below held the note was a Tennessee contract and void for usury. Our contention is that it

was an Arkansas contract and to be construed under the laws of this State.   67 Ark. 252, 259; 99 Ky. 24; 142 Mass. 567; 81 N. Y. 566; 16 R. I. 740.

3.   But if a Tennessee contract the note was not void and the courts of this state will enforce it according to the laws of Tennessee.   70 Ark. 493; 109 *Id.* 69. This court takes judicial notice of the laws of Tennessee. Kirby's Digest, § 7823.   Where the paper shows usury on its face the party cannot enforce it.   104 Tenn. 11, 16, 17.   But where it does not so appear on the face of the paper or from the plaintiff's pleadings, but the fact is developed by proof *aliunde*, the contract is unenforceable only to the extent of the excess over the legal rate of interest.   2 Heisk. (49 Tenn.) 491, 499; 7 Heisk. (54 Tenn.) 500; 14 Lea (82 Tenn.) 433, 438; 20 Pick. (104 Tenn.) 11, 16, 17; 9 Baxt. (68 Tenn.) 245.   The note is not usurious on its face.   As a general rule the validity of a note is to be determined by reference to the laws of the place of payment.   But the rule is not without exceptions.   72 Ark. 83; 3 Cold. (43 Tenn.) 31.   See also 68 U. S. 298; 37 Ill. 45; 79 Ind. 172; 46 N. H. 300; 81 S. W. 457, 460; 12 Wisc. 692.

4.   It was error to exclude the testimony that it was the intention of the parties to make an Arkansas contract.   The note was dated and executed in Arkansas.

*Mann, Bussey & Mann* and *R. J. Williams,* for appellees.

The note was a Tennessee contract.   It was completed in Memphis and was payable in Tennessee.   It should be governed by the laws of the State where it is to be performed.   It was void for usury under the laws of Tennessee.   95 Ark. 421; 9 Cyc. 297 and note 58-84, and 577; 30 Am. St. 828; 8 Humphrey 416; 3 Cold. 462; 14 Blackf. (U. S.) 233; 55 Fed. 223; 33 Ark. 645; 60 *Id.* 269; 66 *Id.* 77; 2 Gerger, 255; 6 Humph. 278; 2 Head. 441.   The judgment is right and is supported by the law and the testimony.

KIRBY, J. (after stating the facts). It is contended
that the court erred in directing a verdict and the con-
tention must be sustained.

In *Whitlock* v. *Cohn*, 72 Ark. 83, the court, in a suit
upon a note executed in this State bearing a higher rate
of interest than was allowed in the place designated for
its payment, Illinois, where the rate of interest stipulated
was usurious, said:

"Where the intention of the parties is not otherwise
more directly and definitely expressed in the contract,
nor can be otherwise inferred, the place of payment will
determine the law with reference to which parties have
contracted; but parties will not be presumed to have
contracted with reference to a law which will have the
effect of annulling their contract for illegality in its very
making, where another intention can be gathered, unless
it be found that they were seeking in some way to avoid
the force of the law, as in case of usury, for instance. The
contract of the parties would be valid on its face under
the laws of Arkansas, but not under the laws of Illinois.
The presumption is against the contention that the parties
contracted with reference to the laws of Illinois."

Under the laws of Tennessee of which this court takes
judicial notice, the contract provides for a usurious rate
of interest, and under the decisions of that State where
commercial paper shows on its face that the contract is
usurious, it cannot be enforced. Kirby's Digest, Sec.
5389; Shannons Code, Tenn. Secs. 3493, 3499; *Bank* v.
*Walter*, 104 Tenn. 11.

If, however, the usury does not appear upon the
face of the paper and is not shown by the plaintiff's
pleadings, but the fact is developed by evidence *aliunde*,
the contract will be enforced there to the extent of the
loan with lawful interest, the excess of interest charged
over the legal rate only not being collectible. *Jackson* v.
*Collins*, 2 Heisk. (49 Tenn.) 491; *Chaffin* v. *Lincoln Sav.
Bank*, 7 Heisk. (54 Tenn.) 500; *Stephenson* v. *Landis*, 14
Lea (82 Tenn.) 433; *Bank* v. *Walter*, 20 Pick. (104 Tenn.)
11; *Richardson* v. *Brown*, 9 Baxter (68 Tenn.) 245.

The presumption being that the parties contracted with reference to the laws of the State where the note was made, under which it was valid, and the testimony excluded tending to show that it was the intention of the lender of the money that the law of the domicile of the borrower, the makers of the note, should govern in determining its validity, as is also the general rule, the court erred in excluding the testimony, which was competent to show that it was not done to evade the laws of Tennessee against usury.

The court erred in directing a verdict and the judgment is accordingly reversed and the cause remanded for a new trial.