## McCONNELL v. MONTGOMERY et al.—65 S. W. (2d) 1077.

Western Section. February 24, 1933.

Petition for Certiorari denied by Supreme Court, June 24, 1933.

Essary & Denison, of Lexington, for appellant.
Joe C. Davis, of Lexington, for appellees.

SENTER, J.   The original bill was filed in this cause by complainant, S. S. McConnell, receiver of Citizens' Bank of Lexington, against W. H. Montgomery and wife, and A. S. Montgomery, trustee, and John A. McCull, trustee, and W. E. Montgomery.   The bill alleges, in substance, that on May 24, 1919, defendants W. H. Montgomery and wife executed a trust deed to secure Citizens' Bank of Lexington a note bearing that date, for the sum of $4,987, signed by W. H. Montgomery, and due December 25, 1919, and reciting that it secured any renewals thereof or part thereof, and that A. S. Montgomery was named trustee in said trust deed.   That said trust deed was duly recorded in the register's office of Henderson county, Tennessee, on June 16, 1919; that said trust deed was given on certain property described therein.   The bill further alleges that on February 4, 1922, defendants W. H. Montgomery and wife executed another trust deed on the same property to secure the Citizens' Bank of Lexington a note in the sum of $4,500, signed by W. H. Montgomery and due December 1, 1923, and also secured any renewals of said note, or part thereof; that this trust deed was duly registered in the register's office of Henderson county, Tennessee, on March 31, 1926.   The bill further alleges that of this indebtedness there remained a balance due on February, 23, 1923, the sum of $1,500, for which a renewal note was then executed, and including $100 interest, payable February 23, 1924, amounting to the total sum of $1,600, and that $800 was paid on said note on April 25, 1924, to said bank, and that the remainder of said note amounting to $800 and accrued interest thereon was past due, owing and unpaid; that A. S. Montgomery, trustee, upon request of the Citizens' Bank, or its attorney, had refused to foreclose said trust deed.   The bill further alleges that said note provides on its face for the payment of 10 per cent attorney's fees, in the event of suit on the note.

The bill further alleges that on September 17, 1924, the Citizens' Bank of Lexington went into liquidation under a receivership of the state superintendent of banks. The bill further alleges that soon after the appointment of the receiver the complainant began to try to collect this debt with other debts, and that W. H. Montgomery and A. S. Montgomery, trustee, filed a petition against this complainant in said receivership suit, and wherein W. H. Montgomery sought a settlement with said bank, and denied the execution of said note, and claiming that same had been settled, or that certain matters had been charged to his account wrongfully and which would discharge any and all matters or debts which W. H. Montgomery owed to the bank. Upon a hearing of that petition and the answer and the proof, the same was disallowed and dismissed by the chancellor, and the issues determined in favor of the receiver of the bank. The decree of the chancellor in that matter was affirmed by the Court of Appeals on appeal.

The pertinent portions of that cause, including the pleadings and the decree, are made exhibits to this cause.

The bill further alleges that on October 4, 1924, about two weeks after the receivership bill was originally filed, W. H. Montgomery executed a deed of trust on the property described in the two former trust deeds referred to, naming therein defendant John A. McCall as trustee therein; said trust deed purporting to secure a note payable to the wife of W. H. Montgomery for the sum of $3,000 and a note to W. E. Montgomery, payable three years after date, for the sum of $1,000. The said note payable to the wife of W. H. Montgomery was made payable two years after date, and that said trust deed was registered on October 4, 1924, the same date of its execution; that W. E. Montgomery is the son of W. H. Montgomery. The bill alleges that said trust deed to secure said alleged indebtedness was the result of fraud and collusion between W. H. Montgomery and his wife and his said son, and that W. H. Montgomery was not indebted to either at the time of the execution of said trust deed, and further alleged that the wife of W. H. Montgomery, having joined in the two trust deeds hereinbefore referred to, had actual knowledge of said two trust deeds.

The bill sought a recovery against W. H. Montgomery for the balance due on said note of $1,600, amounting to $800, together with interest and attorney's fees provided therein. The bill also prayed that the trust deeds executed by W. H. Montgomery and wife, Juddie Montgomery, be declared to constitute a lien on the real estate described therein, and said trust deeds be foreclosed under the orders of the court, and the proceeds applied to complainant's said debt. The bill further prays that the trust deed executed by W. H. Montgomery on October 4, 1924, to secure the alleged indebtedness to Mrs. Juddie Montgomery and W. E. Montgomery, be declared to be fraudulent and void and the same to be removed as a cloud upon complainant's prior rights in said property.

All of the defendants answered the bill, and W. H. Montgomery, in his own right and as next friend to his son, Elmer Montgomery, made the answer a cross-bill seeking certain affirmative relief against the complainant.

The answer and cross-bill denied that W. H. Montgomery was indebted to said bank in any amount, and alleged that said bank had for a period of years charged to said defendant interest in excess of the legal rate, and alleged that on a proper accounting that the excess interest above the legal rate of 6 per cent was largely more than the alleged balance due on said note sued on.

The cross-bill sought to recover the difference from the receiver of said bank.

Complainant, as the cross-defendant, answered said cross-bill, and by way of answer specifically pleaded the statute of limitations, and

also res adjudicata, setting forth in said answer that in said former suit W. H. Montgomery was denied any relief, and in that suit did not make any charge that he had been charged interest in excess of the legal rate, and did not predicate any claim for relief on any grounds of usury, or excess interest, and that the said suit was res adjudicata of his present claim or contention as set forth in his answer and cross-bill, and also alleged that, by said special plea of the statute of limitations of two years, cross-complainant was not entitled to rely on the defenses set up in said answer and cross-bill.

At the hearing of the cause the chancellor sustained the original bill of complainant and decreed a judgment in favor of complainant as the receiver of said bank on said note, including accrued interest and attorney's fees in the sum of $1,328 against defendant W. H. Montgomery, and declared a lien on the property described in the respective trust deeds to secure and make certain the payment of said judgment, and ordered that said property be sold and the proceeds applied to the satisfaction of said indebtedness and said judgment after thirty days from the date of said decree.

The chancellor dismissed the cross-bill of W. H. Montgomery and adjudged the costs incident thereto to W. H. Montgomery and sureties, John A. McCall and A. S. Montgomery on the cost bond, and adjudged all the other costs of the cause against W. H. Montgomery.

To this decree W. H. Montgomery excepted and prayed an appeal to this court, and has also filed the record for error in this court, and has assigned errors.

By the first assignment of error it is said that the chancellor erred in not dismissing the original bill because the original bill showed on its face that complainant was seeking to recover usury. It being the contention under this assignment that it appears from the face of the bill that complainant seeks to recover 10 per cent interest, and that a court of chancery would not enforce an usurious contract, but relieve against usurious contract, and would also restore money paid under an usurious contract.

This contention is further based upon a statement in the original bill that the $100 added to the $1,500 represented interest.

By section 7301, New Code of Tennessee, it is provided:

"Interest is the compensation which may be demanded by the lender from the borrower, or the creditor from the debtor, for the use of money."

By section 7302 it is provided:

"The amount of said compensation shall be at the rate of six dollars for the use of one hundred dollars for one year; and every excess over that rate is usury."

This distinction between interest and usury is fully recognized by the decisions of the Supreme Court of this State. Stone's River Nat. Bank v. Walter, 104 Tenn., 11, 55 S. W., 301, 303. Where the

note sued on does not show on its face that it is a contract for the payment of interest in excess of the legal rate, it is a valid contract up to 6 per cent interest. and as was said in Bank v. Walter, supra : "In other words, the compensation, up to 6 per cent per annum, is interest, and any excess is usury, and the two things are entirely distinct." In Stephenson v. Landis, 14 Lea, 433, it is said: "The law is well settled in this State that if the usury does not appear on the face of the contract, it is valid to the extent of the money loaned and lawful interest, and voidable only as to the usurious excess, and to this extent the courts enforce the contract." To the same effect is McFerrin v. White, 6 Cold., 499; Parhan v. Pulliam, 5 Cold., 497; Jackson v. Collins, 2 Heisk., 491. In Apperson v. Cross, 5 Heisk., 481, it is said: "It is immaterial whether the interest received into the note was legal or usurious, unless the illegality appeared on the face of the note. The note was not thereby made void."

The first assignment of error is accordingly overruled.

By the second assignment of error it is contended that the court erred in not sustaining the cross-bill and to abate the urury that the statement showed that from time to time had been collected or charged to cross-complainant by the bank.

We think it clear from this record that in the filing of the petition in the original cause by W. H. Montgomery, and in which he denied liability on the note now sued on, and then claimed that he was not indebted to the bank, and charged in the petition that certain items had been charged to his account wrongfully, and which, if deducted, would more than satisfy his indebtedness to the bank, including the present note, and did not at that time make any question with reference to usury having been charged, and did not seek any relief on account of usury, when that defense or claim was available to him at that time as much so as at the present, and of which he had as full knowledge, that it would now be res adjudicata, and he could not in another suit rely upon that defense or seek affirmative relief. His laches and his failure to rely upon that claim or contention in the former suit must operate to deny him the right to do so in the present suit.

We are of the opinion that the chancellor correctly held that the cross-bill could not be sustained.

We are also of the opinion that there was no error in the decree of the chancellor in holding and decreeing that complainant was entitled to priority under his trust deed securing the original note. We are also of the opinion that the chancellor was correct in holding that the trust deed executed to John A. McCall by W. H. Montgomery of October 4, 1924, at most, is secondary to the trust deeds held by complainant, and is not entitled to priority over complainant's lien as fixed by said trust deeds held by complainant. Mrs. Montgomery joined in the trust deeds executed by her husband to

secure the indebtedness to the bank. She had actual notice of the execution of these trust deeds, and was a party to them.

It results that we find no error in the decree of the chancellor, and it is accordingly affirmed. Appellant and surety on the appeal bond and bond for writ of error will pay the costs of this appeal.

Heiskell and Anderson, JJ., concur.