Constance Maroon KELLUM,
Plaintiff-Appellee,

v.

Henry Paul KELLUM,
Defendant-Appellant.

(Cross-Appeal).

Court of Appeals of Tennessee,
Western Section.

March 11, 1980.

Application for Permission to Appeal Denied by Supreme Court April 21, 1980.

James A. Hopper, Savannah, for defendant-appellant.

John J. Ross, Jr., Savannah, for plaintiff-appellee.

Lee Breckenridge, Asst. Atty. Gen., Nashville, for intervenor State of Tennessee.

NEARN, Judge.

The former wife, Constance Maroon Kellum filed a petition seeking to have her former husband, Dr. Henry Paul Kellum, held in contempt of Court for failure to pay child support and alimony as previously ordered by the Court in a divorce proceeding on August 27, 1976.[1]  He answered the petition, challenged the constitutionality of the previous alimony award on the basis of *Orr v. Orr* (1979), 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306, requested a refund of all past alimony paid to the former wife and requested that the amount of child support be reduced because of his changed circumstances.

The state attorney general was notified and intervened, requesting dismissal of the constitutional challenge.  The attorney general has filed a brief in this Court in response to the constitutional attack.

The Chancellor found the defendant to be in arrears in his previously ordered alimony payments, entered judgment against him for $3,500.00 and held that he could not now attack the constitutionality of the alimony statute on the basis of *Orr v. Orr*, supra. From the Chancellor's denial of the constitutional attack's efficacy the former husband appeals.  The appeal does not question the amount of the award but attacks the former wife's right to any alimony on a constitutional basis.

Although the Chancellor refused to reduce the amount of child support of $500.00 per month, he reduced the amount of the monthly alimony payments that would thereafter become due to $250.00 per month and refused to order the husband to pay the wife's attorney for services rendered in the petition.  From this action of the Chancellor the former wife appeals.

The defendant has submitted four issues for our consideration.  Taken altogether they raise but one issue and that is whether the former husband may challenge in a later proceeding the constitutionality of a previously ordered award of alimony,

---

1. The original decree awarded alimony of $600.00 per month for five years which was reduced to $500.00 per month in 1977.

which was entered originally without constitutional objection.

The *Orr* decision neither nullifies alimony obligations extant at the time of that decision nor subjects them to attack on a constitutional basis. In *Orr* the United States Supreme Court made it clear that state courts were free to hold that any constitutional attack in proceedings subsequent to a final original award were barred by the doctrine of *res judicata.*

In *Orr* the Court observed that their ruling:

". . . does not preclude any other State, or even Alabama in another case, from holding that contempt proceedings are too late in the process to challenge the constitutionality of a divorce decree already entered without constitutional objection . . . ." 99 S.Ct. at 1109 n. 4 (citations omitted).

We so hold. All issues presented by appellant-defendant are resolved against him.

■ The defendant is a dentist and had maintained his practice in Savannah, Tennessee. The proof shows that, prior to the contempt hearing, the defendant had decided that prospects for dentists in Savannah were not too good because of an influx of dentistry into the area. The defendant testified that he therefore decided to and did move his practice to Iuka, Mississippi where he thought his business prospects would be better and he would be happier. The proof shows that expenses involved in opening a new office and the necessity of building a new practice in a new area had increased his expenses and, at least temporarily, lowered his income.

The plaintiff's theory seems to be that the defendant, out of spite, has purposely reduced his income in order to reduce the amount of alimony he would have to pay.

Whether or not such was the defendant's motivation, we think could best be determined by the Chancellor who was afforded the opportunity of viewing plaintiff and defendant who were the only two witnesses who testified. From the small record we have before us we cannot say that the evidence preponderates against the Chancellor's finding that the alimony payments ought to be reduced from $500.00 to $250.00 per month. Neither are we able to say that the Chancellor abused his discretion in failing to require defendant to pay plaintiff's attorney fees. See *Raskind v. Raskind* (1959 W.S.) 45 Tenn.App. 583, 325 S.W.2d 617, 623–24; T.C.A. § 36–822. Accordingly, the issues raised by the plaintiff-cross appellant are found against her.

The result is that the decree and judgment below is affirmed. Interest on the judgment rendered below is at 8 percent from date of rendition. T.R.A.P. Rule 41. Costs of appeal are adjudged against Dr. Kellum.

Done at Jackson in the two hundred and fourth year of our Independence and in the one hundred and eighty-fifth year of our Statehood.

MATHERNE and EWELL, JJ., concur.