**Daniel C. CLEMENTS and wife Rosalind C. Clements, Plaintiffs-Appellees,**

v.

**Eugene W. AUSTIN and wife Lucy C. Austin, Defendants-Appellants.**

Court of Appeals of Tennessee, Eastern Section.

Oct. 14, 1983.

Application for Permission to Appeal Denied by Supreme Court Dec. 19, 1983.

Walter L. Fuller, Jr., Oak Ridge, for defendants-appellants.

James Frank Wilson, Wartburg, for plaintiffs-appellees.

## OPINION

GODDARD, Judge.

Eugene W. Austin and his wife Lucy C. Austin, Defendants-Appellants, appeal a judgment rendered in favor of Daniel C. Clements and his wife Rosalind C. Clements, Plaintiffs-Appellees, for damages resulting from a breach of covenants as to certain real property transferred by the Austins to the Clements. By their issues on appeal the Austins insist that the suit is barred under Rule 13.01 of the Tennessee Rules of Civil Procedure and also under the doctrine of *res judicata* or estoppel by judgment.

By deed dated July 26, 1973, the Austins conveyed the property in question to the Clements. As a part of the purchase price the Clements gave the Austins five notes in the principal amount of $5000 each. Four of the notes were paid, and when payment was not forthcoming as to the fifth, suit was brought by the Austins against the Clements. The Clements answered and, as material to the present case, filed a counter-complaint alleging breach of covenants in that there were certain outstanding mineral rights. At the conclusion of that trial the Clements were permitted to take a voluntary non-suit as to their counter-complaint. The order entered in connection therewith which was approved by counsel for the Austins provided as follows:

IT IS FURTHER ORDERED AND ADJUDGED that Daniel C. Clements and wife, Rosalind C. Clements, are hereby allowed and permitted to have a voluntary dismissal of their cause against the original COMPLAINT [sic] and the same is hereby dismissed without prejud-

cie [sic] as to Eugene W. Austin and wife, Lucy C. Austin.

The same order, which was entered on August 11, 1980, also granted a judgment for principal and interest on the note in favor of the Austins. Shortly thereafter, on September 25, the present suit was filed.

Turning to the issues on appeal, we note that Rule 13.01 provides as follows:

*13.01. Compulsory Counterclaims.* —A pleading shall state as a counterclaim any claim, other than a tort claim, which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that a claim need not be stated as a counterclaim if at the time the action was commenced the claim was the subject of another pending action. This rule shall not be construed as requiring a counterclaim to be filed in any court whose jurisdiction is limited either as to subject matter or as to monetary amount so as to be unable to entertain such counterclaim.

Our research discloses only one Tennessee case which addresses the specific question. *Quelette v. Whittemore,* 627 S.W.2d 681 (Tenn.App.1981). In that case tenants of a building sued their landlords for an alleged breach of a lease agreement and the landlords counter-claimed for rents. Thereafter, the tenants took a non-suit and the landlords proceeded with their counterclaim which incidentally resulted in a judgment in favor of the tenants. This Court held that after the non-suit was taken the tenants were cast in the position of defendants as to the counter-claim and must assert their claim for breach of contract under Rule 13 or be forever barred. In reaching this conclusion the Court said the following (at page 682):

Rule 13, Tennessee Rules of Civil Procedure, is closely akin to Rule 13 of the Federal Rules of Civil Procedure. The purpose of both Rule 13(a), FRCP, and Rule 13.01, TRCP, are similar. Counterclaims serve "to avoid circuity of action, multiplicity of suits, inconvenience, expense, unwarranted consumption of the court's time, and injustice." 20 Am. Jur.2d Counterclaim § 14 (1965).

"The purpose of the compulsory counterclaim rule is to insure that only one judicial proceeding be required to settle all those matters determinable by the same facts or law, that is, to bring all logically related claims into a single litigation, thereby avoiding multiplicity of suits." Id. § 15.

In *Lasa v. Alexander,* 414 F.2d 143, 146 (1969), the Sixth Circuit, in addressing the federal rule, speaks in a similar vein:

Under the Federal Rules of Civil Procedure the rights of all parties generally should be adjudicated in one action. Rules 13 and 14 are remedial and are construed liberally. Both Rules 13 and 14 are "intended to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and evenhanded justice expeditiously and economically." *Blair v. Cleveland Twist Drill Co.,* 197 F.2d 842, 845 (7th Cir. [1952]). The aim of these rules "is facilitation not frustration of decisions on the merits." *Frommeyer v. L. & R. Construction Co.,* 139 F.Supp. 579, 585 (D.N.J. [1956]).

■ Applying the foregoing rationale to the facts of the present case, we are persuaded that Rule 13 is applicable and that a counter-claim for breach of covenant was mandatory.

We reach this conclusion because the note sought to be collected was given in part payment of the purchase price of land the covenants of conveyance of which are alleged to have been breached. Thus, if there were outstanding mineral interests the amount which would otherwise be owed on the purchase price (the note sued upon) would be reduced.

■ **870**

■ The Clements argue that notwithstanding Rule 13, the Trial Court by allowing them a voluntary non-suit in effect ordered a separate trial as authorized by Rule 42.02.[1] In the first place, the Court did not do so specifically and his order overruling the motion to dismiss was not bottomed on this premise. In the second place the Clements had the absolute right in the former trial to take a non-suit regardless of the preference of the Court. Finally, we cannot see how a separate trial under the factual situation of the present case could be a convenience for the Court or could avoid prejudice.

■ Finally, the Clements contend that the Austins have either waived the requirements of Rule 13 or are estopped to rely upon it because of the language of the order approved by their counsel above set out. We think our reasoning relative to Rule 42—insofar as we point out, that the Clements had an absolute right to a non-suit—also has significance as to this point. The Austins by their action or inaction could not deter the Clements from taking a non-suit. Put simply, we do not feel counsel had a duty to call to adverse counsel's attention that his action was fraught with peril. Additionally, we view the words in the order, "without prejudice," to show that the claim was not concluded upon its merits and that should suit be again brought a plea of *res judicata* would be unavailing.

■ We have considered the second issue and find it to be without merit. In addition to the remarks made in the preceding paragraph relative to *res judicata,* it must be remembered that a judgment on the merits was never entered as to the suit seeking damages for breach of covenants, and consequently the doctrine of *res judicata* or estoppel by judgment does not come into play.

1. *42.02. Separate Trials.*—The court for convenience or to avoid prejudice may in jury trials order a separate trial of any one or more claims, cross-claims, counterclaims, or third-party claims, or issues on which a jury trial has

For the foregoing reasons the Trial Court is reversed and the cause dismissed except insofar as it relates to costs below, and for that purpose remanded for collection thereof. The costs of appeal as well as at the trial level are adjudged against the Clements.

PARROTT, P.J., and SANDERS, J., concur.

been waived by all parties. For the same purposes the court may, in nonjury trials, order a separate trial of any one or more claims, cross-claims, counterclaims, third-party claims, or issues.