Nellie WALKER, Plaintiff-Appellant,

v.

DURACELL U.S.A., Defendant-Appellee.

Supreme Court of Tennessee,
at Knoxville.

Sept. 29, 1986.

Conrad Finnell, Cleveland, for plaintiff-appellant.

Michael E. Callaway, Bell, Painter, McMurray, Callaway, Brown & Headrick, Cleveland, for defendant-appellee.

## OPINION

BROCK, Chief Justice.

This is a worker's compensation case, but the principal issue presented is whether or not the employee's claim is barred by the compulsory counterclaim rule stated in Rule 13.01, Tennessee Rules of Civil Procedure, which provides as follows:

"A pleading shall state as a counterclaim any claim, other than a tort claim, which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...."

In a "committee comment" to the quoted rule, it is pointed out that the policy and purpose of the rule is:

"Multiplicity of suits is avoided by requiring all matured claims arising between the parties out of the same transaction or occurrence to be settled in a single proceeding."

We conclude that the instant case is one to which the rule applies and that the asserted claim of the plaintiff-employee is barred.

Duracell, the employer, filed a complaint in the Circuit Court for Bradley County on May 10, 1984, alleging

"On or about January 21, 1983, Nellie Walker was employed as a hand assembler by Duracell, U.S.A., in its plant in Bradley County, Tennessee. In the course and scope of her employment, and as a direct and proximate result thereof, she injured her left wrist."

That complaint further alleged that the employee Walker had been treated by certain physicians and released to return to work and that she had been paid all of the temporary total disability benefits to which she was entitled and prayed that "the court determine the degree of Nellie Walker's permanent partial disability, if any, and what benefits, if any, it is obligated to pay her under the worker's compensation laws of Tennessee."

To this circuit court complaint the employee Walker filed an answer and a counter-complaint alleging:

"That she suffered injuries by accident to both of her wrists and arms and hands which arose out of and in the regular course and scope of her employment with the counter-defendant, Duracell, U.S.A. Plaintiff avers that she has sustained permanent partial disability to both of her arms and thus to the body as a whole as a consequence of her on-the-job injuries and accidents. . . .

"Wherefor, counter-plaintiff prays for such judgment or award against the counter-defendant, Duracell, U.S.A., as she is entitled to have under the Tennessee Worker's Compensation Act."

Duracell filed an answer to the counter-complaint and then on the day prior to trial, the employee Walker entered a voluntary dismissal "of her counter-complaint for injury to her right hand and arm and any other injuries other than the injury to her left arm and wrist." On October 23, 1984, the circuit court case was tried and resulted in a judgment in favor of the employee for 40% permanent partial disability to her left hand.

On the very next day, October 24, 1984, the employee Walker filed the complaint in the instant case in the Chancery Court for Bradley County seeking worker's compensation benefits for alleged injuries to her neck and right arm. The employer moved to dismiss this complaint on the ground that the plaintiff was barred by her failure to counter-claim in the circuit court action as provided by Rule 13.01 of the Rules of Civil Procedure. The trial judge sustained this motion and dismissed the employee's complaint. In both this action and the earlier circuit court action the plaintiff-employee was seeking to recover worker's compensation benefits alleged to have resulted from an accident that arose out of and in the course of her employment on January 21, 1983. Moreover, since the claim now asserted was in fact asserted in the circuit court action but voluntarily non-suited the day before trial, it cannot be doubted that the claim was ripe for litigation in that first action. We construe Rule 13.01 to mean that all claims which either party had against the other under the worker's compensation laws of Tennessee were required to be asserted in the circuit court action or be barred. In our opinion, the Chancellor acted properly in dismissing the instant complaint. *Clements v. Austin*, Tenn. App., 673 S.W.2d 867 (1983).

We affirm the decree of the trial court and tax costs incurred on this appeal against the appellant and surety.

FONES, COOPER, HARBISON and DROWOTA, concur.