Mildred M. McKINNEY,
Plaintiff–Appellant,

v.

T.C. WIDNER, Jr., et al.,
Defendants–Appellees.

Court of Appeals of Tennessee,
Middle Section.

Oct. 30, 1987.

Permission to Appeal Denied by
Supreme Court Feb. 29, 1988.

Michael E. Terry, Nashville, for plaintiff-appellant.

James R. Thompson, Paul Thomas Strong, Fayetteville, for defendants-appellees.

## OPINION

TODD, Presiding Judge.

■ The notice of appeal, filed on March 20, 1987, states that the plaintiff, Mildred McKinney, appeals from a memorandum opinion filed on January 19, 1987. It is obvious that the notice was intended to refer to a final judgment entered on March 20, 1987, and it will be so considered.

### Proceedings in Trial Court

On February 25, 1981, the appellant and 36 others filed this suit to invalidate a tax sale and all conveyances based upon the tax sale, including conveyances to defendants.

On April 13, 1981, defendants moved to dismiss on grounds of res judicata, failure of plaintiffs to plead all defenses at a former hearing, and failure of plaintiffs to deposit in Court funds equal to taxes paid by defendants and others.

The record contains no further pleadings or proceedings until February 23, 1984, when plaintiffs filed a "Response to Motion to dismiss", supported by an affidavit of

Chancellor Tyrus H. Cobb, and an unauthenticated transcript of proceedings before him on December 20, 1979, in a previous case of *Mildred H. McKinney et al. v. T.C. Widner, Jr., et al.*

On July 12, 1985, the Trial Court entered an order permitting defendants to amend their motion to dismiss by adding the grounds of failure to commence the suit within 3 years after the tax sale, failure to commence the suit within 20 years after the tax sale, defendants having paid taxes during such period, and failure to commence the suit within 30 years after the tax sale.

On July 8, 1986, plaintiffs moved for summary judgment.

On July 17, 1986, plaintiffs filed "Plaintiffs Memorandum in Support of Summary Judgment and in Response to Defendant's Motion to Dismiss", exhibiting a copy of the opinion of this Court filed on November 14, 1980, in the former case of *Mildred M. McKinney et al. v. T.C. Widner, Jr., et al.*, and another copy of the affidavit of Chancellor Tyrus H. Cobb.

On July 30, 1986, plaintiff filed the affidavit of Olela Widner and Mary Bledsoe.

On August 1, 1986, the affidavit of Kathryn Widner was filed.

On August 15, 1986, the affidavit of Mildred McKinney was filed.

On September 17, 1986, the affidavit of James G. Parks was filed.

On September 18, 1986, the affidavit of Kathryn Widner Griffith was filed.

On October 6, 1986, plaintiffs filed a "Supplemental Memorandum in Support of Motion for Summary Judgment", exhibiting a "Second Affidavit of Mildred McKinney".

On January 19, 1987, the Trial Judge filed his memorandum opinion.

On March 20, 1987, final judgment was entered overruling plaintiffs' motion for summary judgment, sustaining defendants' motion to dismiss, and ordering the suit dismissed at the cost of plaintiffs.

## The Issues

The sole issue presented by appellant is: Whether the Trial Court's dismissal of this case upon application of the principles of res judicata was error.

Appellees state that the issue is whether the order of dismissal was error.

The final judgment states:

And it appearing to the Court that the defendant's motion to dismiss is well taken....

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Motion to Dismiss be and the same is hereby sustained and the complaint is dismissed accordingly.

However, the memorandum opinion of the Trial Judge states:

### MEMORANDUM OPINION

The basic facts of this case are undisputed, i.e., a 1932 deed left a life estate in the real estate here litigated to Mary C. Widner who was also known as Mrs. Harrison Widner. At her death a second life estate fell to Vera Widner Creson.

Mary C. Widner conveyed her life estate to her son by deed dated June 19, 1934. Mary C. Widner died July 22, 1953.

On May 24, 1949 this Court confirmed a Tax Sale of the subject property Admittedly the notice was in the newspaper in the name of Mrs. Harrison Widner, not Wiley, who held the title. No personal service was had upon either.

The brother-in-law of Wiley Widner, Elzie Bates, bought it at the sale and took a deed to it. He later conveyed the land to James G. Parks, a timber cutter, by deed dated May 17, 1958.

On July 14, 1958, he conveyed the property to T.C. Widner, Sr., who apparently possessed the property until his death in 1961. His widow, Nannie Lou Widner, held the property until her death in 1971. Both these parties paid the taxes on the land.

The second life tenant, Vera Widner Creson, died in March of 1979, and the plaintiffs, the remaindermen, filed suit

on the theory of fraud. They sought to set aside the former deeds and reinstate their title. They did not challenge the Tax Sale but all the records were clearly available to them.

In their former suit they did not prevail even though they appealed the decision to the Supreme Court. There certiorari was denied. Because of the former suit, defendants filed a Motion to Dismiss.

The Court sustains the Motion on the grounds that this is a classic case for res adjudicata. The parties and the subject matter are same as in the former suit. Plaintiffs insist that the theory in the former suit was fraud but in the new suit it is a constitutional attack on the tax title in the Defendant's chain. The response is that, that theory and all evidence in support of it, was available to the Plaintiffs at the time of the former suit.

■ T.R.C.P. Rule 12.02 reads in pertinent part as follows:

**12.02. How Presented.**—Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party, and (8) specific negative averments made pursuant to Rule 9.01.... If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The motion to dismiss reads in its entirety as follows:

Now comes the defendants by and through their attorney and move this Honorable Court to dismiss the complaint heretofore filed against them on the following grounds:

(1) The Doctrine of Res Judicata;

(2) Failure of the plaintiffs to plead all known defenses at time of original hearing; Specifically, the failure of the plaintiffs to attack the validity of the said tax sale at the original hearing in this matter;

(3) Failure of the plaintiffs to deposit with this Honorable Court at the time of filing funds equal to the sum of taxes paid by the defendants and the owners in the chain of title since the date of said tax sale.

It does not appear that the motion is based upon any of the 8 grounds set out in Rule 12.02, above. Therefore, the motion was not proper for consideration as such.

■ From the record, it appears that evidence was considered, so that the motion was treated as a motion for summary judgment. However, Rule 12.02 does not authorize the consideration of the motion as a motion for summary judgment except when grounded upon failure to state a claim for which relief can be granted.

■ T.R.C.P. Rule 15.02 provides:

**15.02 Amendments to Conform to the Evidence.**—When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues....

From an examination of the various filings in the Trial Court, it is obvious that, regardless of the rules and pleadings on file, the parties intended to and did submit,

to the Trial Court the issue of whether the present suit was barred by the judgment in a former case. This also appears from the briefs filed in this Court, especially that of appellant, which will now be reviewed.

█ Appellant's brief states:

After Wiley Widner's death in 1970 the property reverted according to appellant's contention, to Vera Widner, who died in 1979. Upon Vera's death in 1979 the 37 plaintiffs succeeded to their interest and a lawsuit was filed. The 1979 lawsuit contended that the defendant's predecessors in title had secured the property by fraud. (TR. 104). The 1979 lawsuit was tried on December 20, 1979 and only one witness was called, after which the Chancellor found for defendants (TR. 33–53). The plaintiffs appeal was not successful (TR. 89–93)

On February 25, 1981 a second lawsuit was filed. The plaintiffs were not identical to the first plaintiffs because time had changed the successors, but the plaintiffs were similar and the appellant was a plaintiff in both suits (TR. 1–5). . . .

It is seen that the only plaintiff before this Court has admitted in her brief that, in 1979, appellant and 36 other plaintiffs sued the defendants or their predecessors to recover title to the subject property on the ground of fraud, that said suit was dismissed, that the dismissal was affirmed on appeal, and that the successors in title of the plaintiffs in the former suit, including appellant, brought the present suit.

Appellant's written argument contains the following:

Most facts in this case are not disputed. Two facts, critical to appellant's contention in this Court are, repeated for emphasis:

1. In 1979 Mildred McKinney did not know that the lawsuit which caused the sale of the subject property did not name the property's owner Wiley Widner;

2. The 1979 lawsuit did not contest the validity of the tax sale and did not raise the constitutional due process claim upon which the 1981 lawsuit was based. In fact, the validity of the tax sale was specifically excluded at the 1979 trial.

A. The doctrine of res judicata requires an identity of claims and therefore should not apply in this cause.

. . . .

B. Appellant's 1981 case presented a different cause of action or claim for relief.

. . . .

The facts show that one Elzie Bates sold the property in question to a James Parks in May 1958 (TR. 47) and Parks sold the property to T.C. Widner (father of appellees) in July 1958. The only proof at the 1979 trial was the testimony of Parks regarding the two 1958 sales. The plaintiffs alleged fraud, and the Chancellor found that the plaintiffs did not prove fraud in the 1958 sales. Most importantly, the affidavit of the Chancellor and other proof in the record shows that the validity of the 1949 tax sale was not an issue. (TR. 30) In fact, this issue was specifically excluded from the 1979 litigation. (TR. 30)

Appellant contends that the 1979 litigation was premised on fraud allegations regarding two 1958 sales of the property from Bates to Parks, and Parks to Widner. The 1981 litigation was premised on constitutional claims regarding the 1948 tax sale. These are two distinct causes of action. Res judicata should not apply, especially in view of the specific exclusion of any tax sale claim from the 1979 litigation.

. . . .

C. The specific exclusion of the tax sale issues from the 1979 litigation operates to prevent the application of res judicata.

No issue is made as to any diversity of parties or interests between the former, 1979, fraud case and the present suit based upon the alleged invalidity of the tax sale.

It is difficult to find in the present record evidence of all of the necessary facts to substantiate a defense of res judicata. However, the admissions in appellant's brief, together with other evidence in the record, appear to support the defense.

The opinion of this court in the former appeal states:

MILDRED M. McKINNEY ET AL. Plaintiffs–Appellants

v.

Lincoln Equity

T.C. WIDNER, JR., ET AL. Defendants–Appellees

In 1932 the property involved herein was deeded to Mrs. Mary C. Widner for her life and after her death to her daughter, Vera Widner for her life and then to four other persons in fee simple, with equal interests.

On June 19, 1934, Mary C. Widner conveyed her life estate in this property to her son, Wiley H. Widner. No other deed or other transactions involving this property were made until May 24, 1949, when the property was sold by the Chancery Court of Lincoln County for delinquent taxes. At that sale the property was purchased by Elzie Bates, a brother-in-law of Wiley H. Widner for $55.00.

On May 17, 1958, Elzie Bates and his wife conveyed the property to James G. Parks, the only witness to testify at the trial, for $55.00 "and other good and valuable consideration". Some two months later James G. Parks executed a quit claim deed to T.C. Widner, a brother of Wiley H. Widner and Vera Widner, wherein James G. Parks' interest in this property was conveyed.

T.C. Widner then took possession of the property and received the rents and profits therefrom and paid the taxes until his death in 1961. By will he left the property to his widow who then died on November 4, 1973. By her will she left the property to her three children.

The first life tenant to the 1932 deed, Mary C. Widner, died in 1953. The second life tenant in this deed, Vera Widner (Creson), died in March 1979. Following her death this action was commenced on April 25, 1979 by some of the descendants of the named remaindermen in the 1932 deed. In their complaint they requested the Chancery Court to declare the claim to title to this property by T.C. Widner's children be decreed null and void as to the title of the remaindermen under the 1932 deed. The Chancellor held for the defendants and the plaintiffs have appealed.

Since all of the proof, except for the testimony of James G. Parks, was stipulated and these stipulations were primarily of dates of deeds, dates of deaths of various persons, and relationships of parties to various conveyances, the only way the plaintiffs can prevail and have the deeds voided is for the court to presume under the circumstances that they were fraudulent. This the trial court refused to do and we concur in his decision.

Addressing ourselves only to the deeds of May 24, 1949, May 17, 1958 and the quit claim deed of July 1958, we find nothing to evidence any fraud which would require the nullification of any of these conveyances.

The deed of May 24, 1949, was from the Chancery Court of Lincoln County resulting from a court sale for delinquent taxes owed on the property. The purchaser at this sale was the brother-in-law of the owner of Mary C. Widner's life estate in the property. The purchaser was neither a life tenant, remainderman or holder of any right to any part of the property sold by the court.

The purchaser in effect was a stranger to the title to this property, and as such was under no duty, legally or otherwise, to stand as a fiduciary for the protection of any interests held by or for the benefit of any remainderman. *Roten v. Hicks*, 47 Tenn.App. 312; 338 S.W.2d 225 (1960).

The mere fact that this purchaser was the brother-in-law of the owner of a life estate based upon another person's life does not provide any presumption of fraud or collusion with anyone in this transaction, and there is no proof of any kind that the purchaser at this sale did anything to prevent others from bidding or of any other act justifying the sale being set aside.

The tax sale by the Chancery Court was a proceeding in rem in which the fee in the property was sold to satisfy the lien for taxes. The sale and the resulting deed from the court terminated all

life estates and remainder interests in this property.

The pleadings and judgment would be much more satisfactory evidence of the issues and their disposition in the former case. However, such are not in the record. From the opinion of this Court, quoted above, it is obvious that plaintiff and others filed the former suit to recover from the predecessors in title of the present defendants the identical property which appellant and other seek to recover in the present suit.

In the present appeal, the appellant insists that the issue stated in the present case (validity of tax sale) was not involved in the former suit, but was expressly excluded therefrom. There is no evidence that the issue of validity of the tax sale was raised in the former pleadings. Neither the pleadings nor the judgment of the Trial Court in the former case are included in this record. There is evidence (the affidavit of the Trial Judge in the former case and the transcript of proceedings therein) that the tax sale issue was not presented or considered in the former case.

However, a long line of Tennessee decisions supports the rule that a former judgment between the same parties or their privies as to the same subject matter is res judicata, or conclusive, not only as to all issues presented and decided, but as to all issues which might, could or should have been presented. In 20 Tenn.Dig.2d—Judgment, § 713(2), are found 37 annotations among which are the following:

Despite the contention that claims and allegations which had been raised in a former suit were not foreclosed because they were not finally determined therein, the doctrine of res judicata barred all claims and issues which were relevant and which could reasonably have been litigated in the former action. *American Nat. Bank and Trust Co. of Chattanooga v. Clark*, Tenn. 1979, 586 S.W.2d 825.

Res judicata may be successfully pleaded when a judgment on the merits exhausts or extinguishes a cause of action on which it was based, it is an absolute bar to a subsequent suit between the same parties on the same cause of action, and it concludes such parties and their privies not only as to all matters that were actually put in issue and determined, but also as to all matters which might have been put at issue and determined. *National Cordova Corp. v. City of Memphis*, 214 Tenn. 371, 380 S.W. 2d 793 (1964).

The estoppel of a judgment or decree extends to all matters material to the decision of the cause which the parties exercising reasonable diligence might have brought forward at the time. *State ex rel. French v. French*, 182 Tenn. 606, 188 S.W.2d 603 (1945).

The doctrine of res judicata is based on the principle not only that the same parties in the same capacities should not be required to litigate anew a matter which might have been determined and settled in the former litigation, but that litigation should be determined with reasonable expedition, and not be protracted through inattention and lack of diligence. *Jordan v. Johns*, 168 Tenn. 525, 79 S.W.2d 798 (1935).

The rule requires that the whole subject of the litigation be brought forward by the parties, and the judgment concludes all matters, whether of action or defense, legally pertaining to that subject which, by the exercise of reasonable diligence, might have been brought forward. *Sale v. Eichberg*, 105 Tenn. 333, 59 S.W. 1020, 52 L.R. A. 894 (1900).

To the same effect are *In Re: Adoption of Johnson*, Tenn.App.1984, 678 S.W.2d 65; *Gibson Lumber Co. v. Neely Coble Co. Inc.*, Tenn.App.1983, 651 S.W.2d 232; *Kellum v. Kellum*, Tenn.App.1980, 597 S.W.2d 907; *Batey v. D.H. Overmyer Warehouse Co.*, 60 Tenn.App. 310, 446 S.W.2d 686 (1969); *Gulf Oil Corp. v. Forcum*, 53 Tenn.App. 179, 381 S.W.2d 521 (1964); *Meacham v. Haley*, 38 Tenn.App. 20, 270 S.W.2d 503 (1954); *Webb v. Schultz*, 31 Tenn.App. 587, 218 S.W.2d 758 (1948); and *McConnell v. Montgomery* 17 Tenn.App. 92, 65 S.W.2d 1077 (1934).

It is reasonably clear from this record that, in 1979, appellant and her co-plaintiffs sued the defendants in the present case or their predecessors in title, asserting superior title to the land and seeking to invalidate the claims of the defendants on the ground

that they derived their title from Elzie Bates who obtained title by a tax deed through fraud or other circumstances rendering him a trustee for plaintiffs. If the tax deed whereby Elzie Bates obtained title had been invalid, this fact would have invalidated the claims of the defendants and sustained the claims of the plaintiffs in the former case even more conclusively than theories of fraud or trust.

■ This Court cannot accept the argument of appellant that, by disclaiming or failing to present a particular fact or theory supporting his action, a plaintiff may thereby reserve and preserve the disclaimed and unpresented fact or theory as an "ace in the hole" to be used as a ground for a second lawsuit based on such ground. To assent to plaintiff's insistence would be to condone piecemeal presentation of suits and defenses at the whim of the parties. Such is not the policy of our law and is contrary to the authorities set out above.

Appellant insists that the claims presented in the former and present suits were not the same. This Court disagrees. In both cases, the claim was for an adjudication of title in the appellant and her co-plaintiffs to the exclusion of the claims of defendants or their privies.

Appellant seeks to make an academic distinction between res judicata and collateral estoppel. No distinction is necessary because our law does not countenance the proliferation of lawsuits between the same parties or their privies about the same subject matter. For the same reason, an attempt at academic distinction between "claim" and "cause of action" is of no consequence in the determination of the merits of this controversy.

Appellant argues that the void tax sale theory could not have been presented in the 1979 case because the 1948–1949 facts were not known to her at that time. There is no evidence in this record to support such argument.

Appellant cites *Petty v. Darin*, Tenn. App.1984, 675 S.W.2d 714. In that case, this Court affirmed the judgment of the Trial Court dismissing a suit for damages because of a previous suit in which plaintiff had elected the remedy of rescission. This Court merely remarked that election of remedies and not res judicata was the proper ground of dismissal.

Appellant cites *Clements v. Austin*, Tenn.App.1983, 673 S.W.2d 867, which is inapplicable because, in that case the previous suit was nonsuited. Nothing of the kind is shown in the present case.

In summary, appellant and her co-plaintiffs were under a duty to present in the former case all of the facts and theories which would support their efforts to establish their rights to the subject property to the exclusion of the claims of the defendants in that case. There is nothing in this record to excuse appellant and her co-plaintiffs from asserting in their former suit the invalidity of the tax deed to Elzie Bates. The law therefore forbids the present suit grounded on a fact or theory which should have been presented in the former case.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for such further proceedings, if any, as may be necessary and proper.

Affirmed and remanded.

LEWIS and CANTRELL, JJ., concur.